2015 UT App 25

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
SACRAMENTO GUTIERREZ,
Defendant and Appellant.

Memorandum Decision
No. 20130713-CA
Filed February 5, 2015

Fourth District Court, American Fork Department
The Honorable Christine S. Johnson
No. 101101250

Douglas J. Thompson, Attorney for Appellant

Sean D. Reyes and Jeanne B. Inouye, Attorneys
for Appellee

JUDGE JOHN A. PEARCE authored this Memorandum Decision, in
which JUDGES JAMES Z. DAVIS and KATE A. TOOMEY concurred.

PEARCE, Judge:

¶1　　Sacramento Gutierrez appeals from the district court's decision to terminate his probation for a theft conviction and to impose the previously suspended prison sentence upon him. He argues that the district court erred because he had not violated a term of that probation. Gutierrez failed to present this argument to the district court. Instead, he raises it in this court as a matter of plain error. "The plain error standard of review requires an appellant to show the existence of a harmful error that should have been obvious to the district court." *State v. Waterfield*, 2014 UT App 67, ¶ 18, 322 P.3d 1194. We conclude that the district court did not plainly err, and we therefore affirm.

¶2    In November 2010, Gutierrez pleaded guilty to attempted aggravated assault, a Class A misdemeanor. He was sentenced and placed on probation (the Assault Probation). One express condition of the Assault Probation was that Gutierrez have no contact with the victim of that crime (Victim). Gutierrez violated the terms of the Assault Probation on at least two occasions. On each occasion, the district court revoked probation. On each occasion, the district court then reimposed probation with the same terms.

¶3    In February 2013, Gutierrez pleaded no contest to vehicle theft, a third degree felony. That crime did not involve Victim. The same district court judge presided over both the assault and theft cases. Gutierrez was sentenced and placed on probation for the theft (the Theft Probation). At the plea hearing, the district court also addressed a violation of the Assault Probation. The district court revoked and reinstated the Assault Probation, ordering that it "run concurrently with the terms and conditions of [the Theft Probation]" and that Adult Probation and Parole (AP&P) "supervise [Gutierrez] with the same terms and conditions on each" probation.

¶4    On May 25, 2013, Gutierrez went salsa dancing. Victim was present at the dance hall. Victim asked the dance hall owner to tell Gutierrez to leave. When Gutierrez refused, Victim called the police. When the police arrived, they arrested Gutierrez.

¶5    The State filed affidavits in support of orders to show cause for violating both the Assault Probation and the Theft Probation. Both affidavits contained the same allegations. The State averred that Gutierrez had violated the terms of probation:

> 1. By having violated the court's no contact order, on or about 5/25/2013, in violation of a standard condition of the Probation Agreement.
> 2. [By failing] to provide AP&P with a current address, in violation of the probation agreement.

3. By having contact with [Victim], on or about 5/25/2013, in violation of a special condition of the Probation/Parole Agreement.
4. Probation is zero tolerance.

At a three-day evidentiary hearing in July 2013 (the Revocation Hearing), the court heard testimony from Victim, Gutierrez, and a witness who had been at the dance hall. The court struck the current-address allegation after the State admitted it had not put forth any evidence on that point. The court also noted that zero tolerance was "obviously not an allegation." The only violations explicitly discussed at the Revocation Hearing were the violations of the no-contact order.

¶6 The court found that Gutierrez had stayed at the dance hall even after learning that Victim was present. The court was troubled "because this was a, an aggravated assault pled down to an attempted" and because Gutierrez "thumbed [his] nose at the Court order" prohibiting contact. The court also noted, "On this case, the aggravated—attempted, aggravated assault, [Gutierrez was] placed on probation in 2011 [and this] is the third order to show cause." The district court ruled, "Based on the, the violations, I'm revoking your probation. And I'm imposing the sentence that was initially in place. Typically I might consider doing something different, like giving you some jail time and closing it out that way. But, but this was a, a, zero-tolerance probation, and I think that needs to mean something." The court imposed "the original sentence: Zero to 5 years in the State Prison on the third-degree felony, one year on the attempted agg. assault, concurrently."

¶7 Gutierrez contends that the district court erred when it revoked his Theft Probation for violating the no-contact provision. He argues that the no-contact provision was not a condition of the Theft Probation. In the alternative, he argues that if the no-contact provision was a component of the Theft Probation, it was unenforceable because it was unexpressed and

unwritten. He asserts that, "either way, the court's termination of [the Theft Probation] was an error."

¶8     Gutierrez points to the sentencing minute order the court entered after he pleaded no contest to the theft charges. That order listed ten conditions of probation but omitted any mention of a no-contact condition. Gutierrez also points to an AP&P progress report relating to the Theft Probation. That report lists the same ten conditions and again omits any mention of a no-contact provision.

¶9     We are not convinced that the error Gutierrez asserts—that the district court incorrectly believed that the terms of the Theft Probation contained a no-contact provision—was in fact an error. At the February 2013 hearing, the district court had addressed both sentencing for the theft charge and an order to show cause seeking sanctions for violating the terms of the Assault Probation. With respect to the theft charge, the district court sentenced Gutierrez to a prison term of zero to five years, suspended that sentence, and placed him on probation for thirty-six months. It also ordered a 150-day jail sentence, credited Gutierrez for 103 days already served, and stated several terms of probation. Those terms included a substance abuse assessment, compliance with the Probation Violations and Rewards Matrix, and abstention from impairing substances. The court stated, "I don't have a good track record of you on probation on the [attempted aggravated assault case;] this is not the first time this has been before me on an order to show cause, so I will expect probation to run better on [the theft charge]." The district court then ordered, with our emphasis:

> With respect to [the Assault Probation] sanctions, I'll revoke and reinstate your probation for twenty-four months. I'll order that to run concurrently with the terms and conditions of [the Theft Probation], so this will likewise be zero tolerance

probation, we'll just have AP&P supervise *with the same terms and conditions on each*.

There is no dispute that a no-contact provision was a term of the Assault Probation. Accordingly, the order applying the same terms and conditions to both probations incorporated the no-contact provision from the Assault Probation into the Theft Probation. It therefore appears that the terms of the Theft Probation *did* contain a no-contact provision.

¶10    Additionally, Gutierrez did not preserve for appeal his claim that the no-contact provision was not a term of the Theft Probation. Claims of error generally must be presented to the district court to preserve them for appeal. *See 438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801. Gutierrez admitted at the Revocation Hearing five months after the Theft Probation began that he had not left the dance hall even after discovering that Victim was there. The court expressed doubt about "how supervisable [Gutierrez was] on probation" and stated that his actions were "a direct violation of a court order." It then revoked both probations. Gutierrez did not argue to the district court that his actions had violated the terms of only one of his probations. Because he did not do so, he has failed to preserve this argument for appeal.

¶11    Gutierrez urges us to reach his claim under the plain error exception to the preservation rule. In order to demonstrate plain error, an appellant must "show the existence of a harmful error that should have been obvious to the district court." *State v. Waterfield*, 2014 UT App 67, ¶ 18, 322 P.3d 1194. We have held that the plain error exception to preservation applies to both factual and legal disputes. *See id.*; *State v. Demartinis*, 2008 UT App 261U, paras. 6–7 (per curiam). In *Demartinis*, a district court tried a defendant in absentia. 2008 UT App 261U, para. 2. The court had previously given the defendant two warnings: first, that the court would jail him until trial if he failed to appear at subsequent court proceedings and, second, that the court would

conduct the trial despite the defendant's absence if he failed to appear. *Id.* paras. 4–6. The defendant did not appear at trial. *Id.* para. 2. The court verified that the defendant had not provided contact information to his defense counsel, was not incarcerated, and had not contacted the court about his absence. *Id.* para. 4. The court then conducted the trial, and the defendant was found guilty. *Id.* paras. 1, 4. The defendant appealed, arguing that the court had plainly erred by punishing his absenteeism with the second consequence (trial in absentia) rather than the first (jailing defendant until trial). *Id.* para. 5. We held that the district court had not plainly erred, because it was not obvious to the court that the defendant would have relied on the threat of being jailed to the exclusion of the threat of trial in absentia. *Id.*

¶12    Here, five months before the Revocation Hearing, the district court had ordered that "the same terms and conditions" applied to both of Gutierrez's probations. Even if we were to conclude that this was somehow insufficient to incorporate the no-contact provision into the terms of the Theft Probation, the resulting ineffectiveness of that provision would not have been obvious to the district court absent any protest by Gutierrez. Because the error—if any—was not obvious, the district court did not plainly err in proceeding as if the Theft Probation terms included a no-contact provision.

¶13    Gutierrez also asserts that even if the no-contact provision was a component of the Theft Probation, it was unenforceable "because the terms were indefinite and unexpressed." He argues that "due process and fundamental fairness require that [a defendant] be informed of the terms that his probation was to be conditioned upon." Gutierrez cites two cases in support of this proposition. In the first, we observed that "[i]t is necessary that sentences be rendered with clarity and accuracy in order to avoid the possibility of confusion and injustice." *State v. Denney*, 776 P.2d 91, 93 (Utah Ct. App. 1989). As explained above, the district court's order is clear that "the same terms and conditions" applied to both of Gutierrez's probations. Gutierrez

also cites a case from the United States Supreme Court. There, the Court stated that "[s]entences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them." *United States v. Daugherty*, 269 U.S. 360, 363 (1926). But the Court also noted that "[t]he elimination of every possible doubt cannot be demanded." *Id.* Gutierrez does not explain why he believes his case falls on the far side of this line, nor does he engage in a meaningful analysis of the impact of that case upon his own. *See* Utah R. App. P. 24(a)(9) ("The argument [section of an appellate brief] shall contain the contentions and reasons of the appellant with respect to the issues presented . . . ."). He has therefore failed to carry his burden on appeal.

¶14    The terms of the Theft Probation appear to include a no-contact provision. Even if they do not, the absence was not obvious to the district court. The district court therefore did not plainly err in ruling that Gutierrez's contact with Victim violated the terms of the Theft Probation. With regard to Gutierrez's claim that the terms of the Theft Probation were too vague to be enforceable, he fails to carry his burden on appeal.

¶15    Affirmed.

_____