2015 UT App 95

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
ELIZABETH FRIEL,
Defendant and Appellant.

Memorandum Decision
No. 20140334-CA
Filed April 23, 2015

Third District Court, West Jordan Department
The Honorable Charlene Barlow
No. 135400126

Ryan N. Holtan, Attorney for Appellant

Simarjit S. Gill and William J. Carlson, Attorneys
for Appellee

JUDGE JOHN A. PEARCE authored this Memorandum Decision, in
which JUDGES J. FREDERIC VOROS JR. and MICHELE M.
CHRISTIANSEN concurred.

PEARCE, Judge:

¶1      Elizabeth Friel appeals from the district court's decision
ordering her to spend sixteen days in jail and placing her on
probation. She argues that the State breached a plea agreement
and committed prosecutorial misconduct by recommending a
harsher sentence than the one the plea agreement contemplated.
At her sentencing, Friel did not object to the State's
recommendation nor did she call to the court's attention her
belief that the State had departed from the agreement. Her
argument is therefore unpreserved for appeal. *See Wohnoutka v.
Kelley*, 2014 UT App 154, ¶¶ 3–4, 330 P.3d 762. She nevertheless
raises the issue as a matter of plain error. We conclude that the
district court did not plainly err, and we therefore affirm.

¶2      In August 2013, Friel was arrested for driving while intoxicated as she picked up her children from school. The State charged Friel with four offenses, including two counts of driving under the influence (DUI). At Friel's first scheduling conference, the district court ordered her to pass weekly ethyl glucuronide tests (the Pre-Sentencing Order). An ethyl glucuronide (EtG) test detects an alcohol metabolite in urine samples and is often administered to those who have been ordered to abstain from alcohol. Friel eventually signed a "Statement in Support of a Guilty Plea." In that document, Friel was required to handwrite "all the promises, duties, provisions of the plea agreement." Friel wrote "I plea[d] guilty to the DUI class A in exchange for dropping another class A DUI, alcohol restricted driver class B and unlawful parking class C. We have agreed to a sentence of 10 days jail & 60 days SCRAM monit[o]ring or 20 days jail."

¶3      By the time the date for Friel's sentencing arrived, she had failed one EtG test and neglected to show up for another, and the urine samples in five other tests had been found "altered." At her sentencing, the State described Friel's less-than-stellar EtG results and argued "for more jail time." The State represented to the district court that "the offer that was made to defendant was *that at the very least* she had to stipulate to twenty days in jail or stipulate to ten days in jail and sixty days of SCRAM ankle monitoring at the time of sentencing. That was a *minimum* sentencing recommendation *contingent upon* defendant's full compliance during this pre-sentence phase." (Emphases added.)

¶4      Friel did not object to the State's characterization of the agreement. Nor did Friel ever argue to the district court that the State had mischaracterized or added terms to the plea agreement. Instead, Friel attempted to explain the string of bad EtG results in a variety of ways. They argued that the altered results may have reflected that Friel "just drinks a lot of water" and that Friel had been taking NyQuil and sleep medicine to relieve the symptoms of bronchitis at the time of her positive

test. The district court ultimately sentenced Friel to 365 days in jail but suspended that sentence in favor of sixteen days in jail and twenty-four months of probation.

¶5      "Claims of error generally must be presented to the district court to preserve them for appeal." *State v. Gutierrez*, 2015 UT App 25, ¶ 10, 344 P.3d 163. Friel does not contend that she raised her prosecutorial misconduct claim below. Rather, she asserts without analysis that "the prosecutor's breach was preserved in the trial court because the sentencing judge knew the terms of the plea agreement and the prosecutor reviewed those terms at the sentencing hearing."[1] Neither of these assertions equates to presenting a claim of error to the district court. We conclude that Friel's claim of error is unpreserved.

¶6      Friel also asserts, without analysis or citation to authority, "In any event, the trial judge plainly erred in failing to enforce the terms of the plea agreement."[2] "The plain error standard of review requires an appellant to show the existence of a harmful error that should have been obvious to the district court." *State v. Waterfield*, 2014 UT App 67, ¶ 18, 322 P.3d 1194; *see also State v. Young*, 853 P.2d 327, 349 (Utah 1993) ("[F]or an error not raised at trial to constitute 'plain error,' it must have been obvious to the trial court and it must have been harmful." (citation

---

1. An appellant must provide either a citation to the portion of the record demonstrating that the issue has been preserved or a statement of grounds for seeking review of an unpreserved issue. Utah R. App. P. 24(a)(5). Friel's brief contains neither.

2. An appellant's argument must "contain the contentions and reasons of the appellant with respect to the issues presented, including the grounds for reviewing any issue not preserved in the trial court, with citations to the authorities, statutes, and parts of the record relied on." Utah R. App. P. 24(a)(9).

omitted)); *cf. Puckett v. United States*, 556 U.S. 129, 141–43 (2009) (applying plain error review to an unpreserved claim that a prosecutor breached a plea agreement).

¶7      To show that the district court plainly erred, Friel must demonstrate (1) that the prosecutor breached the plea agreement and (2) that the breach should have been obvious to the district court. Even if we were to assume that the prosecutor breached the agreement, Friel makes no attempt to demonstrate that the prosecutor's breach would have been obvious to the district court. Friel's entire argument on this point resides in the statement, "the sentencing judge knew the terms of the plea agreement."

¶8      Had Friel objected to the State's representation concerning the plea agreement, the district court would have been required to ascertain the parties' intent with respect to that agreement. "Utah appellate courts have long held that '[p]rinciples of contract law provide a useful analytic framework' in cases involving plea agreements." *State v. Terrazas*, 2014 UT App 229, ¶ 26, 336 P.3d 594 (alteration in original) (quoting *State v. Patience*, 944 P.2d 381, 386–87 (Utah Ct. App. 1997)); *cf. Puckett*, 556 U.S. at 137 ("Although the analogy may not hold in all respects, plea bargains are essentially contracts."). "The underlying purpose in construing or interpreting a contract is to ascertain the intentions of the parties to the contract." *WebBank v. American Gen. Annuity Serv. Corp.*, 2002 UT 88, ¶ 17, 54 P.3d 1139. Because Friel never alerted the district court to her belief that the State's characterization of the plea agreement did not comport with her understanding of the plea agreement, it would not have been obvious to the district court that Friel believed the State's recommended sentence was not contingent upon compliance with the Pre-Sentencing Order. At least, Friel has not explained why that should have been obvious to the district court.

¶9     To be clear, there may well be instances where the State's departure from the recommendation should be obvious to the district court. But here, the district court could have reasonably believed that Friel understood that the plea agreement's benefits were contingent upon Friel's compliance with the Pre-Sentencing Order's requirement that she take and pass the EtG tests. Absent any objection from Friel, it would not have been obvious to the district court that Friel had a different understanding.

¶10    On this record, even assuming that the State mischaracterized the plea agreement it struck with Friel, we cannot conclude that any such mischaracterization would have been obvious to the district court. Friel has failed to demonstrate a plain error that would permit us to review her unpreserved argument.

¶11    Affirmed.

_____