2014 UT App 154

**Robert WOHNOUTKA, Plaintiff and Appellant,**

v.

**Sonia KELLEY, Defendant and Appellee.**

No. 20130248–CA.

Court of Appeals of Utah.

July 3, 2014.

P. Corper James, for Appellant.

Sara Pfrommer, Park City, and Kathleen McConkie, Bountiful, for Appellee.

Judge JOHN A. PEARCE authored this Memorandum Decision, in which Judge MICHELE M. CHRISTIANSEN and Senior Judge RUSSELL W. BENCH concurred.[1]

### Memorandum Decision

PEARCE, Judge:

¶ 1 Robert Wohnoutka appeals from the district court's dismissal of the lawsuit he filed against his former domestic partner's sister, Sonia Kelley. Wohnoutka claimed that Kelley had orally agreed to repay half of the money Wohnoutka paid from 2001 to 2007 toward the care and support of Kelley's mother. On the basis of the alleged loan, he argued that Kelley owed him more than $108,000. To demonstrate that an oral contract existed, Wohnoutka introduced evidence of the parties' prior courses of dealing, correspondence between the parties, and Kelley's tax returns in which Kelley had claimed her mother as a dependent.[2] After a bench trial, the district court found that the terms of the purported offer were unclear and that there was insufficient evidence of acceptance. Consequently, the court ruled that Wohnoutka had not carried his burden of proving the existence of a contract, and it dismissed the case. Wohnoutka appeals. In the absence of a written memorialization of the district court's reasoning, we review the court's oral findings and ruling.

¶ 2 On appeal, Wohnoutka first contends that Kelley should be estopped from arguing that no contract existed. Specifically, he asserts that by claiming her mother as a dependent on her tax returns, Kelley took the legal position that she was providing more than half of her mother's support.[3] Wohnoutka argues that, under the doctrine of quasi-estoppel, Kelley should not be allowed to claim that she did not borrow funds from Wohnoutka to pay for her mother's care and support. " 'The doctrine of quasi-estoppel precludes a party from asserting, to another's disadvantage, a right inconsistent with a position [it has] previously taken.' " *In re R.B.F.S.*, 2012 UT App 132, ¶ 31, 278 P.3d 143 (alteration in original) (quoting *Bott v. J.F. Shea Co.*, 299 F.3d 508, 512 (5th Cir. 2002)). Wohnoutka's quasi-estoppel contention is unpreserved.

¶ 3 "The preservation requirement is based on the premise that, 'in the interest of orderly procedure, the trial court ought to

---

1. The Honorable Russell W. Bench, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

2. Wohnoutka had prepared and filed Kelley's tax returns on her behalf for the relevant years.

3. The Internal Revenue Service publishes a guide to exemptions and deductions that provides, "Generally, you must provide more than half of a person's total support during the calendar year to meet the support test." Internal Revenue Service, U.S. Dep't of the Treasury, *Pub. No. 501, Exemptions, Standard Deduction, and Filing Information* 11 (2001). The guide further provides, "The year you provide the support is the year you pay for it, even if you do so with borrowed money that you repay in a later year." *Id.* at 13.

be given an opportunity to address a claimed error and, if appropriate, correct it.'" *Brady v. Park*, 2013 UT App 97, ¶ 38, 302 P.3d 1220 (quoting *State v. Holgate*, 2000 UT 74, ¶ 11, 10 P.3d 346). Furthermore, the preservation requirement "prevents a party from avoiding [an] issue at trial for strategic reasons only to raise the issue on appeal if the strategy fails." *Tschaggeny v. Milbank Ins. Co.*, 2007 UT 37, ¶ 20, 163 P.3d 615. Consequently, "[i]ssues that are not raised at trial are usually deemed waived." *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801. The preservation requirement thus ensures that both the issue on appeal and the evidence necessary to decide it have been presented to the trial court, which "having personally observed the quality of the evidence, the tenor of the proceedings, and the demeanor of the parties, is in a better position to perceive the subtleties at issue than [an appellate court] looking only at the cold record." *See State v. Calliham*, 2002 UT 86, ¶ 23, 55 P.3d 573; *see also Doug Jessop Constr., Inc. v. Anderton*, 2008 UT App 348, ¶ 15, 195 P.3d 493 ("A trial judge is in the best position to derive a sense of the proceeding as a whole, something an appellate court cannot hope to garner from a cold record." (ellipsis, citation, and internal quotation marks omitted)).

¶ 4 To this end, an appellant's brief must contain "citation to the record showing that the *issue* was preserved in the trial court" or "a statement of grounds for seeking review of an *issue* not preserved in the trial court." Utah R.App. P. 24(a)(5) (emphases added). An issue is preserved for appeal only if it was " 'presented to the trial court in such a way that the trial court [had] an opportunity to rule on [it].'" *438 Main St.*, 2004 UT 72, ¶ 51, 99 P.3d 801 (quoting *Brookside Mobile Home Park, Ltd. v. Peebles*, 2002 UT 48, ¶ 14, 48 P.3d 968). Therefore, a statement of preservation is generally inadequate when it cites only the facts underlying the claim and does not cite a part of the record showing that the claim itself was presented to the trial court. *See* Utah R.App. P. 24(a)(5)(A).

¶ 5 On appeal, Wohnoutka cites several points in the record where he presented evidence that "Kelley knew Wohnoutka was preparing her tax returns," "Kelley knew she claimed [her mother] as a dependent on her tax returns," and "Kelley knew she was not paying any portion of [her mother's] support and knew that Wohnoutka was paying for that support." But our examination of the record Wohnoutka cites reveals that Wohnoutka introduced all of that evidence to support his claim that an oral contract existed. Wohnoutka does not identify any point at which he presented the district court with the argument he raises on appeal—that Kelley's implicit averments in her tax returns legally preclude her from asserting that no contract existed. He has therefore failed to provide "citation to the record showing that the issue was preserved in the trial court." Utah R.App. P. 24(a)(5)(A).

¶ 6 Furthermore, it does not appear that Wohnoutka could have provided those record citations. An appellate court should not be asked to scour the record to save an appeal by remedying the deficiencies of an appellant's brief. *Cf. Vandermeide v. Young*, 2013 UT App 31, ¶ 33, 296 P.3d 787. We have nonetheless reviewed the record designated on appeal and have found no indication that Wohnoutka ever raised a quasi-estoppel argument in the district court. Indeed, it appears that Wohnoutka did not object when Kelley presented the exact defense he now claims she should be estopped from asserting.

¶ 7 In his opposition to Kelley's motion for judgment on the pleadings, Wohnoutka explained that "[t]he fact that Kelley claimed her mother as a dependent on her tax return ... is evidence that she understood she agreed to pay Wohnoutka back." At trial, Wohnoutka consistently argued that the tax returns were evidence that an oral loan agreement existed. He did not argue that the tax returns had the independent legal effect of estopping her from denying the existence of the agreement. Wohnoutka's closing argument did not mention quasi-estoppel by name or effect; rather, he discussed the evidence he had presented and argued that "[a]ll of the evidence before the Court indicates that there was an agreement to pay the support." He then asked the

district court to rule, based on "the evidence that's been presented today[,] that . . . there is an oral contract, and that the oral contract was agreed upon, and that the defendant failed to pay." Before issuing its oral ruling, the district court recounted the eight categories of evidence Wohnoutka had presented and concluded that Wohnoutka had not carried his burden of showing that a contract existed. Significantly, the district court did not make any findings regarding quasi-estoppel or the legal effect of the tax returns, and Wohnoutka did not object to the sufficiency of the district court's findings. Additionally, the transcript indices show that neither "quasi-estoppel" nor any variant of the word "estoppel" was spoken at trial. The prefix "quasi-" is also absent from the indices.

¶ 8 In sum, it appears Wohnoutka never argued at trial that Kelley's tax returns estopped her from denying the existence of an oral contract. Rather, he claimed that the content of the tax returns evidenced an oral agreement to accept and repay a loan. On appeal, Wohnoutka takes the evidence introduced in support of his preserved but unsuccessful contract claim and reweaves the constituent evidentiary threads into a new legal theory. Because Wohnoutka did not present this new legal theory of quasi-estoppel to the district court in such a way that the district court had an opportunity to rule on it, the issue is unpreserved for appeal. *438 Main St. v. Easy Heat Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801 (holding that preservation of a legal claim requires that the claim itself be presented to the trial court).

¶ 9 Wohnoutka next contends that "the trial court erred in finding that there was no implied in law agreement under which Kelley would repay Wohnoutka for half of the support." The district court made no such finding, likely because Wohnoutka did not present a contract implied in law argument to the district court. This contention is therefore also unpreserved. *See 438 Main St.*, 2004 UT 72, ¶ 51, 99 P.3d 801.

¶ 10 To demonstrate preservation of this issue, Wohnoutka offers record citations showing that he introduced evidence that "Kelley knew Wohnoutka paid for [her mother's] support"; "Kelley claimed [her mother]

as a dependent obligating her to pay half of her support"; and "Kelley received the benefit of claiming [her mother] as a dependent." But he does not identify any point at which he argued to the district court that this gave rise to a contract implied in law. *See* Utah R.App. P. 24(a)(5) (requiring an appellant claiming preservation to provide "citation to the record showing that the issue was preserved in the trial court").

¶ 11 Although we are under no obligation to do so, *see supra* ¶ 6, we have engaged in an ultimately fruitless attempt to locate such an argument in the record before us. Wohnoutka does not appear to have argued below that a contract implied in law existed. His complaint does not contain the phrase "implied in law." The section of his trial brief titled "Issues to be Tried" enumerates only two claims:

1. Whether or not there existed an oral contract between the parties, whether all of the elements of contract existed, and the nature of the contract.

2. Whether or not Defendant's transfer of her home to her son for $10.00 constituted a fraudulent transfer.

At trial, neither Wohnoutka nor Kelley discussed contracts implied in law. The word "impliedly" appears only a single time in the transcript indices, during Kelley's closing argument, and the word "implied" does not appear at all. As noted above, Wohnoutka's closing argument centered on the alleged oral contract and specifically asked the court to find that an oral contract existed. Wohnoutka did not object to the sufficiency of the district court's findings, which never mentioned a contract implied in law and addressed only whether a contract had been formed.

¶ 12 We note, however, that Wohnoutka's amended complaint alleged a cause of action for unjust enrichment. A cause of action for unjust enrichment is generally equivalent to a contract-implied-in-law claim. *See Davies v. Olson*, 746 P.2d 264, 268–69 (Utah Ct.App.1987) (decrying the lack of "analytical precision" in quantum meruit rulings and clarifying that a "[c]ontract implied in law [is] also known as quasi-contract or un-

just enrichment"). Wohnoutka's unjust enrichment claim did not survive to trial. The district court granted Kelley's motion for summary judgment on the unjust enrichment cause of action, and Wohnoutka does not appeal that decision.

¶ 13 We see nothing in the record before us indicating that Wohnoutka presented the district court with the contract-implied-in-law argument he advances on appeal. We therefore conclude that this contention is unpreserved and not properly before us.

¶ 14 Affirmed.