2016 UT App 23

## THE UTAH COURT OF APPEALS

PRIME INSURANCE COMPANY,
Appellee,
*v.*
PAMELA GRAVES,
Appellant.

Memorandum Decision
No. 20140718-CA
Filed February 4, 2016

Third District Court, Salt Lake Department
The Honorable Robert P. Faust
No. 130907762

Donald J. Winder and Laura H. Tanner, Attorneys
for Appellant

Andrew D. Wright and Andrew B. McDaniel,
Attorneys for Appellee

JUDGE KATE A. TOOMEY authored this Memorandum Decision, in
which JUSTICE JOHN A. PEARCE and SENIOR JUDGE RUSSELL W.
BENCH concurred.[1]

TOOMEY, Judge:

¶1    In this appeal we must determine whether the trial court
abused its discretion when it denied Pamela Graves's rule 56(f)
motion and whether it erred when it granted Prime Insurance

---

1. Justice John A. Pearce participated in this case as a member of
the Utah Court of Appeals. He became a member of the Utah
Supreme Court before this decision issued. Senior Judge Russell
W. Bench sat by special assignment as authorized by law. *See
generally* Utah R. Jud. Admin. 11-201(6).

Company's summary judgment motion. We conclude that it did not do either and affirm the court's order.

¶2    "When reviewing a summary judgment by the district court, we must examine all of the facts presented and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Grynberg v. Questar Pipeline Co.*, 2003 UT 8, ¶ 20, 70 P.3d 1. We therefore recite the facts accordingly.

¶3    In May 2011, Graves was injured on a speedboat trip offered by Prime's insured, Rocket Tours of Key West. Between August 2011 and July 2012, Graves, through counsel, notified Rocket Tours of her injury and claims at least five times. But no one notified Prime of her claims until September 2013—more than an a year after Rocket Tours' insurance policy had expired. And, although Rocket Tours obtained a subsequent insurance policy that was effective from February 2012 to February 2013, this policy did not provide retroactive coverage that would have applied to Graves's claim.

¶4    Because it had not been notified of Graves's claim in accordance with the terms of Rocket Tours' insurance policy, Prime initiated an action against Rocket Tours seeking declaratory relief from the trial court that it had no obligation to defend or indemnify Rocket Tours of Graves's claim. Rocket Tours did not contest Prime's declaratory action, and the court entered default judgment against it. But the court allowed Graves to intervene and defend in the suit, and Graves then answered Prime's complaint. Prime provided Graves with its initial disclosures and the discovery it had obtained up to that point.

¶5    About a week later Prime filed a motion for summary judgment claiming that under "the undisputed facts of this case and the clear terms of [Rocket Tours' insurance policy], Prime owes no obligations to Rocket Tours or Ms. Graves." In support of its summary judgment motion, Prime attached copies of the

insurance agreements and an affidavit from its claims representative indicating it had not received notice of Graves's claim before September 2013.

¶6     Graves then filed a motion pursuant to rule 56(f) of the Utah Rules of Civil Procedure asking the court to continue Prime's summary judgment motion to allow her more time to conduct discovery. *See* Utah R. Civ. P. 56(f) (2014).[2] Two months later, the court denied Graves's rule 56(f) motion and granted Prime's summary judgment motion. This appeal ensued.

¶7     Under rule 56 of the Utah Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P. 56(c). An adverse party "may not rest upon the mere allegations or denials of the pleadings" but the party must respond, through affidavits, "set[ting] forth specific facts showing that there is a genuine issue for trial." *Id.* R. 56(e). In some circumstances, however, rule 56(f) allows the party opposing a motion for summary judgment to file an affidavit stating reasons why the party is presently unable to submit evidentiary affidavits in opposition to the moving party's motion. *See id.* R. 56(f). Based on a rule 56(f) motion, the trial court "may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had." *Id.*

---

2. Rule 56 of the Utah Rules of Civil Procedure was amended in 2015 to adopt the style of Federal Rule of Civil Procedure 56. But none of the 2015 changes alter the substance of the law. Utah R. Civ. P. 56 advisory committee note. We therefore refer to the 2014 edition of the Utah Rules of Civil Procedure that was in effect at the time Graves filed her motion.

¶8    "In reviewing a summary judgment, we accord no deference to the trial court and review its ruling for correctness." *Price Dev. Co. v. Orem City*, 2000 UT 26, ¶ 9, 995 P.2d 1237. But as for the trial court's 56(f) ruling, we review the court's decision under an abuse of discretion standard to determine whether the court exceeded the limits of reasonability. *Id.*

## I. Rule 56(f) Motion

¶9    Graves's challenge to the court's decision to deny her rule 56(f) motion raises two issues: whether she properly preserved her arguments for appeal and whether the court abused its discretion when it denied the motion.

¶10    "Issues that are not raised at trial are usually deemed waived." *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801. Our court has explained that

> [t]he preservation requirement . . . ensures that both the issue on appeal and the evidence necessary to decide it have been presented to the trial court, which "having personally observed the quality of the evidence, the tenor of the proceedings, and the demeanor of the parties, is in a better position to perceive the subtleties at issue than [an appellate court] looking only at the cold record."

*Wohnoutka v. Kelley*, 2014 UT App 154, ¶ 3, 330 P.3d 762 (second alteration in original) (quoting *State v. Calliham*, 2002 UT 86, ¶ 23, 55 P.3d 573). Accordingly, "[t]he appellant must present the legal basis for [a] claim to the trial court, not merely the underlying facts or a tangentially related claim." *State v. Martinez*, 2015 UT App 193, ¶ 27, 357 P.3d 27 (second alteration in original) (citation and internal quotation marks omitted).

¶11    In her rule 56(f) motion, Graves explained to the trial court that Prime requested summary judgment less than twenty

days after she answered the complaint and this brief period did not allow her adequate time for discovery. She pointed out that with further discovery she would be able to find out "why Prime was not given notice of her claims" especially considering the undisputed fact that she had "given her written notices to [Rocket Tours']." She also argued she should be entitled to discovery of "the insurance files maintained by Stephen Apetz Insurance, Inc." to obtain information regarding "any applications Rocket completed to obtain the initial and renewal policies."

¶12    On appeal, Graves again argues she did not have enough time for proper discovery, but she now advances a different explanation for why she needed it. Now she argues that Stephen Apetz was Prime's agent and reasoned that if he "had notice of Graves's claim, Prime had notice of Graves's claim" because "'the knowledge of an agent concerning the business which he is transacting for his principal is to be imputed to his principal.'" (Quoting *Wardley Better Homes & Gardens v. Cannon*, 2002 UT 99, ¶ 16, 61 P.3d 1009.)

¶13    The distinction between Graves's appellate argument and her rule 56(f) request in the trial court is critical to our analysis. In her rule 56(f) motion, Graves expressed her desire to depose Apetz and obtain his files to "determine what he knew about the Graves claim . . . and why it was not disclosed on Rocket's renewal application." But she did not assert the basis for the request she asserts on appeal—that Apetz is Prime's agent and his likely knowledge of her claim provided Prime with constructive notice. Indeed, her motion argued no legal theory demonstrating the relevance of whatever was known to Apetz, and therefore was not "presented to the trial court in such a way that the trial court [had] an opportunity to rule on [it]." *Wohnoutka*, 2014 UT App 154, ¶ 4 (alterations in original) (citation and internal quotation marks omitted). Accordingly, although she preserved the argument that she did not have adequate time to conduct discovery, we conclude that Graves's

argument that Apetz was Prime's agent was not properly preserved for appeal.[3]

¶14 Considering the evidence and arguments presented to the trial court, we have determined that it did not exceed its discretion in denying Graves's rule 56(f) motion. The court denied the motion as meritless. In doing so, it emphasized that Graves's "question of *why* notice was not given to Plaintiff Prime is not relevant to the issue of whether notice *was or was not* given under a claims made policy." Without an underlying legal theory in the request for continuance, the court determined that "[t]here is no dispute that Plaintiff Prime did not have notice of the claim and the reasons why Defendant Rocket did not make a claim is not relevant under the terms of the insurance contract."

¶15 Rule 56(f) requires the movant to "explain how the requested continuance will aid his or her opposition to summary judgment." *Riddle v. Celebrity Cruises, Inc.*, 2004 UT App 487, ¶ 17, 105 P.3d 970 (citation and internal quotation marks omitted). "It is for the trial court, in the exercise of its sound discretion, to determine if the reasons stated in the Rule 56(f) affidavit are adequate." *Reeves v. Geigy Pharm. Inc.*, 764 P.2d 636, 639 (Utah Ct. App. 1988).

---

3. Graves's reply brief implies the trial court made a finding regarding Apetz's agency, and this preserved her argument on this point. We disagree. The court found, "[W]hat Stephen Apetz, Defendant Rocket Tours' broker, knew or did not know does not alter the undisputed fact Plaintiff Prime was not notified of the claim as required by the policy." Describing Apetz as Rocket Tours' broker was not the equivalent of resolving a disputed conclusion, and if anything, it suggests the court was unaware of any agency argument. Had the issue been presented to the trial court, it would have been required to conduct a more thorough analysis based on the facts of the case, which it did not.

¶16 Graves did not explain how the additional discovery would assist her in opposing Prime's summary judgment motion. *See Salt Lake County v. Western Dairymen Coop., Inc.*, 2002 UT 39, ¶ 24, 48 P.3d 910. Prime argued that coverage under Rocket Tours' insurance policy is provided only when "written notice is given to [Prime] during the Policy Period," and based on "the undisputed facts of this case and the clear terms of the Policy," "Graves['s] claim did not satisfy the claims-reporting requirement." Nothing in Graves's motion indicates that the evidence she sought to discover would support her opposition to Prime's summary judgment motion. Rather, she merely sought more time for discovery to determine why notice was not given and did not explain how this would be relevant to opposing Prime's motion. We acknowledge the short timeframe during which Graves was expected to consider the evidence, but without explaining how the information she sought would purportedly defeat Prime's summary judgment motion, we cannot conclude the court's decision to deny her rule 56(f) motion went beyond the limits of reasonability.

## II. Summary Judgment Motion

¶17 We must now consider whether the trial court correctly granted Prime's summary judgment motion. "Where the moving party would bear the burden of proof at trial, the movant must establish each element of his claim in order to show that he is entitled to judgment as a matter of law." *Orvis v. Johnson*, 2008 UT 2, ¶ 10, 177 P.3d 600. If the movant satisfies that burden, the "burden on summary judgment then shifts to the nonmoving party to identify contested material facts, or legal flaws." *Id.* In reviewing an order granting summary judgment, "[w]e consider only the pleadings, depositions, admissions, answers to interrogatories, and affidavits properly before the trial judge." *Pratt v. Mitchell Hollow Irrigation Co.*, 813 P.2d 1169, 1171 (Utah 1991). Papers and issues not properly presented before the trial court will not be considered on appeal. *See id.*

¶18 Graves argues that whether Apetz was Prime's agent presents a factual dispute that should have precluded summary judgment. But Graves did not raise the agency issue before the trial court, and accordingly there was no factual dispute for the court to consider. *See supra* ¶¶ 13–15. We therefore do not address Graves's only challenge to the facts in this case. *See State v. Winfield*, 2006 UT 4, ¶ 23, 128 P.3d 1171.

¶19 Graves also challenges the trial court's determination that Prime is entitled to judgment as a matter of law. Particularly, she argues that because chapters 21 and 22 of the Utah Code do not apply to Rocket Tours' insurance policy, Prime may not rely on case law interpreting those chapters. This argument is misplaced. Prime demonstrated it was entitled to judgment based not on the common law, but on the terms of the insurance policy. "An insurance policy is merely a contract between the insured and the insurer and is construed pursuant to the same rules applied to ordinary contracts." *Alf v. State Farm Fire & Cas. Co.*, 850 P.2d 1272, 1274 (Utah 1993). "[I]f a policy is not ambiguous, . . . the policy language is construed according to its usual and ordinary meaning." *Id.*

¶20 Graves does not allege that the policy's terms are ambiguous. Instead, she makes a public policy argument, contending it is unfair to uphold the insurance policy and Prime's refusal to cover her injuries because of Rocket Tours' failure to notify them. But the language in the insurance policy is clearly stated:

> As a claims made insurance policy, this Policy contains very strict claim reporting requirements which must be followed as conditions precedent to coverage. . . .
> Coverage is provided only for otherwise covered Claims which meet all of the following requirements:

(1) Which are first made against an Insured
during the Policy Period, and
(2) Which result from an Accident
occurring during the Policy Period, and
(3) For which written notice is given to the
Insurer during the Policy Period in
accordance with the specific informational
and timeliness requirements specified in
the Policy.

¶21    "In general, a court may not rewrite an insurance contract
for the parties if the language is clear and unambiguous . . . ."
*Alf*, 850 P.2d at 1275. We acknowledge the policy's terms may
create harsh outcomes. But, as the policy states, coverage
requires written notification within a specified period. Despite
Graves's notification to Rocket Tours, she concedes Prime was
never given actual notice. Moreover, aside from her unpreserved
agency-theory argument and assertions that the trial court
should have denied Prime's motion for summary judgment in
the interests of public policy and equity, Graves does not
actually challenge the insurance policy. Indeed, she merely
suggests the policy should not be upheld, because she "could
find no case where a court upheld a claims-made provision over
public policy."[4] Thus, Graves has not carried her burden to

---

4. Graves also briefly argues that under the principles of equity,
"Prime should be estopped from preventing Graves from being
fully compensated for her serious injuries simply because of
Rocket Tours'[] failure to correctly notify Prime." Graves
provides no analysis, however, and therefore we do not address
this argument. *See State v. Thomas*, 961 P.2d 299, 304–05 (Utah
1998) ("It is well established that a reviewing court will not
address arguments that are not adequately briefed."); *see also*
Utah R. App. P. 24.

demonstrate that Prime is not entitled to summary judgment as a matter of law.

¶22    Accordingly, we conclude the trial court did not abuse its discretion when it denied Graves's rule 56(f) motion and affirm its order granting Prime's summary judgment motion.

———————