**2017 UT App 81**

# THE UTAH COURT OF APPEALS

AFTON B. THOMAS,
Appellant,
*v.*
GEORGE TENNYSON MATTENA, JODY K. MATTENA, AND BAD LANDS
BOW HUNTERS LLC,
Appellees.

Opinion
No. 20150987-CA
Filed May 11, 2017

Third District Court, Salt Lake Department
The Honorable Ryan M. Harris
No. 130905157

Brett D. Cragun, Attorney for Appellant

John V. Mayer, Attorney for Appellees

JUDGE MICHELE M. CHRISTIANSEN authored this Opinion, in
which JUDGES GREGORY K. ORME and J. FREDERIC VOROS JR.
concurred.

CHRISTIANSEN, Judge:

¶1     This case concerns the enforceability of a promissory note
memorializing a loan made to a limited-liability company when
the promissory note does not contain personal liability terms.
We conclude that the district court did not plainly err in
determining that the note was enforceable against the company
but not the individual signers, and we therefore affirm.

¶2     Afton B. Thomas was the trustee of several trusts,
including the Kent E. Thomas Marital Trust. Jody K. Mattena is a
contingent beneficiary of that trust. She and George Tennyson
Mattena own Bad Lands Bow Hunters LLC (Bad Lands).

¶3      In 2011, these parties met to discuss the use of a building owned by the trust. The parties agreed that Bad Lands would lease the building. The lease terms were not reduced to a writing signed by all of the parties. However, the parties understood that the Mattenas would be personally responsible for paying the lease if Bad Lands did not.

¶4      Also in 2011, Thomas loaned $200,000 to Bad Lands from the trust. This money was to be used for improvements to the building and to fund the company's start up costs. Later, Thomas increased the loan to a total of $300,000. The Mattenas executed a promissory note, but, as the district court found, the wording was "ambiguous and was not clearly drafted to indicate individual liability." The disbursement checks from the trust were made out to Bad Lands, not the Mattenas. While Thomas believed Bad Lands and the Mattenas would be jointly liable for repaying the loan, the Mattenas did not share that belief. Instead, they believed liability for loan repayment would mirror the terms of a business loan previously made by Thomas to Jody Mattena's half sister, which did not include any provision for personal liability.

¶5      In 2013, Thomas brought suit on behalf of the trust against Bad Lands and the Mattenas for missing payments on the lease and loan. At the conclusion of the bench trial, the district court ruled that Bad Lands and the Mattenas were jointly liable for amounts due under the *lease*. But the court also ruled that, because "there was never a meeting of the minds between the parties as to personal liability or personal responsibility" for the *loan*, only Bad Lands was responsible for repaying the loan.

¶6      On appeal, Thomas contends that no contract could exist in the absence of a meeting of the minds on the Mattenas's personal liability for the loan, and thus that the district court erred in ruling that Bad Lands was solely responsible for repaying the loan. Whether a contract exists is a legal

determination, and we therefore review a district court's conclusion as to that issue for correctness. *See Cea v. Hoffman*, 2012 UT App 101, ¶ 9, 276 P.3d 1178.

¶7    We first address preservation. An issue is preserved for appeal when it has been presented to the district court in such a way that the district court had the opportunity to address it. *Wohnoutka v. Kelley*, 2014 UT App 154, ¶ 4, 330 P.3d 762. When an issue has not been so preserved, it is usually deemed waived. *Id.* ¶ 3. "The preservation requirement is based on the premise that, in the interest of orderly procedure, the trial court ought to be given an opportunity to address a claimed error and, if appropriate, correct it." *Id.* (citation and internal quotation marks omitted).

¶8    Here, Thomas claims the "issue was preserved for appeal by the following: Findings of Fact and Conclusions of Law." This document memorializes the district court's evidentiary findings as to the underlying facts and the court's legal conclusion that Thomas "did not carry her burden of proving that any personal liability for the Bad Lands Loan attaches to the Mattenas individually." But nothing in the ruling suggests that Thomas ever argued to the district court that no loan contract existed at all as a result of the parties' failure to come to a meeting of the minds on the personal-liability issue. *See State v. Kennedy*, 2015 UT App 152, ¶ 21, 354 P.3d 775 (noting that, to preserve an issue for appeal, "[t]he appellant must present the legal basis for her claim to the trial court, not merely the underlying facts or a tangentially related claim"); *see also Prime Ins. Co. v. Graves*, 2016 UT App 23, ¶ 10, 367 P.3d 1029 (same); *Wohnoutka*, 2014 UT App 154, ¶ 8 (ruling an issue unpreserved where the appellant "takes the evidence introduced in support of his preserved but unsuccessful contract claim and reweaves the constituent evidentiary threads into a new legal theory"). We therefore conclude that Thomas did not preserve her issue for appeal.

¶9     Thomas asserts that we may nonetheless review her claim pursuant to the plain-error doctrine. To obtain relief via the plain-error doctrine, an appellant must "show the existence of a harmful error that should have been obvious to the district court." *State v. Waterfield*, 2014 UT App 67, ¶ 18, 322 P.3d 1194.

¶10     Thomas's appeal rests on her claim that the district court failed to recognize, sua sponte, the legal significance of certain language in the court's own ruling as drafted by Thomas: specifically, that "there was never a meeting of the minds between the parties as to personal liability or personal responsibility." Thomas notes that Utah case law "is clear that there must be a meeting of the minds to create a contract." She then asserts that "[t]he issue of personal liability for the loan is one that is integral and important to an agreement. Because there was no meeting of the minds on this issue, the Bad Lands Loan was not an enforceable contract." In short, she claims that a failure to come to an agreement regarding personal liability for a business loan renders the remainder of the loan contract invalid.

¶11     "It is fundamental that a meeting of the minds on the integral features of an agreement is essential to the formation of a contract." *Nielsen v. Gold's Gym*, 2003 UT 37, ¶ 11, 78 P.3d 600 (citation and internal quotation marks omitted). "A contract may be enforced even though some contract terms may be missing or left to be agreed upon, but if the essential terms are so uncertain that there is no basis for deciding whether the agreement has been kept or broken, there is no contract." *Id.* ¶ 12 (citation and internal quotation marks omitted). We are not aware of any authority holding that a personal-liability clause is an integral feature or essential term of a business-loan contract, the absence of which is fatal to the enforceability of the contract. Nor does Thomas refer us to any.

¶12     Moreover, the absence of a personal-liability clause likely indicates that the parties are satisfied with the default rule. *See*

Utah Code Ann. § 48-2c-601 (LexisNexis 2010) (providing the general rule that "no organizer, member, manager, or employee of a [limited-liability] company is personally liable . . . for a debt, obligation, or liability of the company").[1] Like the absence of other ancillary provisions, such as arbitration and attorney-fee clauses, the omission of a personal-liability clause does not seem to render the contract "so uncertain that there is no basis for deciding whether the agreement has been kept or broken." *Nielsen*, 2003 UT 37, ¶ 12. But we need not and do not decide this question today, because our review is limited by the plain-error doctrine.

¶13   Under the plain-error doctrine, we will only reverse when the appellant has demonstrated "a harmful error that should have been obvious to the district court." *Waterfield*, 2014 UT App 67, ¶ 18. "To establish that the error should have been obvious to the trial court, the appellant must show that the law governing the error was clear at the time the alleged error was made." *State v. Davis*, 2013 UT App 228, ¶ 32, 311 P.3d 538 (brackets, citation, and internal quotation marks omitted). "Thus, an error is not obvious if there is no settled appellate law to guide the trial court." *Id.* (citation and internal quotation marks omitted).

¶14   On appeal, Thomas bears the burden of identifying supporting authority for the proposition that personal-liability clauses are integral features of business-loan contracts. *See* Utah R. App. 24(a)(9). Her failure to do so suggests that none exists. And, indeed, our independent research has also failed to uncover any such authority. *See Giles v. Mineral Resources Int'l,*

---

1. We note that the promissory note and the disbursement checks identified the recipient of the loan funds as Bad Lands Bow Hunting LLC, which is a limited-liability company and, of course, exactly the type of entity an individual would create to avoid personal liability.

*Inc.*, 2014 UT App 259, ¶ 12, 338 P.3d 825 (noting that an appellate court is under no obligation to "'save an appeal by remedying the deficiencies of an appellant's brief'" (citation omitted)); *cf. Cessna Fin. Corp. v. Meyer*, 575 P.2d 1048, 1050–51 (Utah 1978) (holding that, where contracting parties had included a personal-liability provision but left a blank line instead of specifying the limit of such liability, such omission did not affect the validity of the provision or contract). Because there is no settled appellate law as to the dubious proposition that a personal-liability clause is an integral feature of a business-loan contract, Thomas cannot establish the existence of an error that should have been obvious to the district court. *See Davis*, 2013 UT App 228, ¶ 32. And in the absence of an obvious error, relief is not available via the plain-error doctrine. *Waterfield*, 2014 UT App 67, ¶ 18.

¶15 In sum, Thomas brought suit against Bad Lands and the Mattenas, asserting that they had failed to perform under a contract. Thomas did not argue to the district court that no contract existed due to the absence of a personal-liability clause or that such a clause was an integral feature of a business-loan contract. The issue was therefore not preserved for appeal. And the plain-error exception to the preservation requirement does not apply here, because there is no settled law on this issue.

¶16 Affirmed.

———————