2016 UT App 137

# THE UTAH COURT OF APPEALS

AIRPORT PARK SALT LAKE CITY LP,
Appellee,
*v.*
42 HOTEL SLC LLC,
Appellant.

Opinion
No. 20140981-CA
Filed June 30, 2016

Third District Court, Salt Lake Department
The Honorable Robert P. Faust
No. 110916940

Bruce Wycoff, Attorney for Appellant

Scott O. Mercer and Scott S. Bridge, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Opinion, in
which JUDGE STEPHEN L. ROTH and SENIOR JUDGE PAMELA T.
GREENWOOD concurred.[1]

CHRISTIANSEN, Judge:

¶1 In this case, we review the district court's denial of a
request for attorney fees. We vacate the court's order and
remand to the district court for further proceedings consistent
with this opinion.

---

1. Senior Judge Pamela T. Greenwood sat by special assignment
as authorized by law. *See generally* Utah R. Jud. Admin. 11-
201(6).

BACKGROUND

¶2      42 Hotel SLC LLC (Hotel) owns a parcel of land on which it operates its business. Patrons and employees access that parcel and several adjacent lots via a private road owned by Airport Park Salt Lake City LP (Developer). Developer's road is burdened by at least two easements that benefit specified lots abutting the road.

¶3      The earlier of these easements (the First Easement) grants access to certain benefitted parcels via the road in exchange for an annual maintenance fee that increases by 4% per year. The First Easement requires parties to attempt to resolve any enforcement dispute by negotiation. If negotiation fails, the parties are required to engage in professional mediation. And if both negotiation and mediation fail, the parties are required to submit the dispute to binding arbitration. The First Easement further provides that the prevailing party "shall be entitled to recover its costs and reasonable attorney's fees."

¶4      The later of the easements (the Second Easement) grants access to other benefitted parcels via the road in exchange for payment of a pro rata share of the road's actual maintenance and repair costs. The Second Easement does not require negotiation, mediation, or arbitration of disputes. It simply provides that the owner of the benefitted parcel may enforce the easement "by any proceeding at law or in equity" and that "[t]he prevailing party in such enforcement action or suit shall be entitled to receive an award of its reasonable attorneys' fees and costs."

¶5      Hotel acquired its parcel in 2008, and the following year, Developer asked Hotel to pay maintenance dues pursuant to the First Easement. Hotel did so in the amount of $5,516.16. Nevertheless, Developer sent a demand letter, in apparent error, asking Hotel to pay the maintenance dues again. In response, Hotel determined that the First Easement did not apply to its parcel at all. Hotel therefore requested a return of the monies it had paid. Hotel explained that its parcel was not subject to the

First Easement; Developer replied that if the First Easement did not apply and Hotel refused to pay, Developer had no duty to continue to provide access via the road. At some point during this series of escalating demand letters, Developer threatened to install barricades to cut off road access to Hotel's parcel unless Hotel paid "its fair share" of the road's maintenance costs.

¶6     Several months later, Hotel sent Developer a copy of the title report, which twice referred to the Second Easement but did not mention the First Easement. On February 11, 2011, Developer agreed to bill Hotel for maintenance costs as calculated per the Second Easement, i.e., based on the "completed building floor area." Developer provided its calculation of the building floor area to Hotel and sent an invoice for maintenance costs that included storm drain fees, taxes, and insurance. Hotel disputed its obligation to pay any amount beyond simple maintenance and repair costs. Developer responded that maintenance costs necessarily included the additional fees because "[w]e cannot maintain the property without paying real estate taxes on the property, having storm drains on the property, and insuring the property. These costs are as much a part of maintenance as sweeping and snow removal." Several months later, Developer sent an invoice to Hotel that sought payment calculated per the First Easement rather than the Second Easement.

¶7     On August 17, 2011, Developer filed a complaint against Hotel, alleging, among other things, that Hotel had failed to pay its obligations arising from the Second Easement. Developer sought $6,508.78 plus attorney fees and costs. Hotel filed a counterclaim seeking (1) declaratory judgment that Hotel's obligations were governed by the Second Easement rather than the First Easement; (2) declaratory judgment that the Second Easement's term "maintenance and repair costs" did not include storm drain fees, taxes, and insurance; (3) disgorgement of the $5,516.16 Hotel had paid Developer in 2009; and (4) an award of attorney fees pursuant to either of the easements as well as costs.

¶8    The parties attempted to negotiate a settlement, eventually agreeing to all terms bar one. The term on which the parties could not agree was the fourth recital, which described the nature of the dispute. Hotel proposed language that emphasized the dispute over the two easements:

> WHEREAS: Since acquiring their respective properties, [Developer] and [Hotel] have experienced disagreements regarding which of the two Easements defines their rights and obligations to each other arising from [Hotel's] right to use a private access road across [Developer's property] to reach [Hotel's property], which disagreements culminated in [Developer] filing a Complaint . . . .

In contrast, Developer proposed a recital that emphasized the monetary aspects of the dispute:

> WHEREAS: Since acquiring their respective properties, [Developer] and [Hotel] have experienced disagreements regarding monies owed to [Developer] from [Hotel's] use of the private access road across [Developer's property] to reach [Hotel's property], which disagreements culminated in [Developer] filing a Complaint . . . .

¶9    On April 23, 2013, Hotel filed a motion seeking enforcement of the unsigned settlement agreement. Developer opposed that motion and argued that there had not been a meeting of the minds, that Developer's response was a counteroffer rather than acceptance, that Hotel had rejected the counteroffer, that the proposed settlement agreement was unsigned, and that the proposed settlement agreement did not dispose of all disputes. The district court conducted a hearing, at which Hotel explained that the disputed fourth recital was "stage setting but . . . not part of the agreement." Hotel asserted that the nature of the dispute was not an essential term of the agreement because it was a historical fact that could not be

changed by a recital. Accordingly, Hotel argued that the essential terms of the proposed agreements were identical. Hotel concluded that it would be "more than happy if the Court would[] order both of us to sign the settlement agreement without the fourth recital at all."

¶10    The district court ruled that the fourth recital "is not a substantial or material term to the agreement," struck it from the proposed settlement agreement, and enforced the remainder of that agreement.[2] The district court explained that the issue of whether to award attorney fees in the underlying case was not properly before it because the settlement agreement reserved the issue of attorney fees. Nevertheless, the district court opined that, because neither party fully prevailed, it would not award fees if asked to do so:

> [I]f the Court were called upon by either party to determine which party was the prevailing party and thus entitled to fees, the court could easily determine neither party is awarded attorney fees and costs as each party was both successful and unsuccessful in various aspects of their claims and defenses and the court would also consider the fact the parties settled this matter.

¶11    Developer then moved to dismiss the case "with prejudice and on the merits, with each party bearing its own attorney fees and costs," on the basis that the case had been fully resolved by the settlement agreement. Hotel responded by filing a motion seeking an award of $55,804.06 in attorney fees on the grounds that (1) Hotel had convinced Developer that the First Easement did not apply, (2) Hotel had established that "maintenance and repair costs" in the Second Easement did not include storm drain

---

2. Neither party challenges the district court's decision to enforce the settlement agreement.

fees, and (3) Hotel had succeeded in asking the court to enforce the settlement agreement. The district court denied Hotel's attorney-fee motion:

> Turning initially to [Hotel's] Motion for Attorney Fees, after reviewing the record, the Court is not persuaded such is well taken. Indeed, the parties resolved all their substantive claims in this case through the settlement agreement enforced by this Court on June 17, 2013. The Court did not adjudicate any claim asserted by either party and no judgment has been entered. Moreover, [Hotel] is not entitled to fees for pre-litigation disputes over which agreement governed as it admits it was never bound under [the First Easement], and regardless, under applicable Utah law, such is not awardable, particularly here, where the parties have settled all claims between them. Finally, the facts indicate [Developer] was willing to sign the settlement agreement (as long as the disputed recital was removed) and ultimately, it was [Hotel] who paid [Developer] for amounts incurred in 2012.
>
> Based upon the foregoing, [Hotel's] Motion for Attorney Fees is, respectfully, denied.

¶12    Hotel timely appeals.


ISSUE AND STANDARDS OF REVIEW

¶13    The central issue on appeal is the propriety of the district court's denial of Hotel's request for attorney fees. "If the legal right to attorney fees is established by contract, Utah law clearly requires the court to apply the contractual attorney fee provision and to do so strictly in accordance with the contract's terms." *Giles v. Mineral Resources Int'l, Inc.*, 2014 UT App 259, ¶ 17, 338

P.3d 825 (citation and internal quotation marks omitted). Generally speaking, whether attorney fees are recoverable by the prevailing party presents a question of law, and we review the district court's ruling for correctness. *Federated Capital Corp. v. Haner*, 2015 UT App 132, ¶ 9, 351 P.3d 816. However, we review a district court's factual determination of whether a party prevailed in a civil action for an abuse of discretion. *Id.*

ANALYSIS

¶14 Hotel contends that the district court erred by failing to award attorney fees to Hotel as the prevailing party. Hotel presents three arguments in support of its challenge to the district court's decision not to award attorney fees. First, Hotel argues that it is entitled to attorney fees pursuant to the First Easement for prevailing in pre-litigation efforts to show that Hotel was not bound by the First Easement. Second, Hotel argues that it is entitled to attorney fees related to its successful efforts to show that the Second Easement did not require Hotel to pay storm drain fees, taxes, and insurance. Third, Hotel argues that because the settlement agreement reserved the issue of attorney fees for judicial determination, the district court erred in concluding that attorney fees were not awardable where the parties resolved their dispute through the settlement agreement.

¶15 In order to award attorney fees to Hotel, the district court would have had to determine that a legal basis for awarding attorney fees to the prevailing party existed and that Hotel was the prevailing party. *See Mountain States Broad. Co. v. Neale*, 783 P.2d 551, 555 (Utah Ct. App. 1989).

I. Legal Basis for Awarding Attorney Fees

¶16 In denying the motion for attorney fees, the district court first ruled that the motion was not "well taken," because "the parties resolved all their substantive claims in this case through

the settlement agreement." However, the settlement agreement explicitly provided, "Nothing in this Settlement Agreement compromises, limits or settles . . . either party's claim for attorney fees or restricts either party's ability to seek an award of its costs and reasonable attorney fees from the Court . . . ." Indeed, the district court acknowledged as much in its earlier order enforcing the settlement agreement. While the "substantive" claims were settled via the agreement, the issue of attorney fees was reserved. As a result, the fact that the "substantive" claims were settled by agreement did not mandate the result that attorney fees were not recoverable.

¶17  The court next noted that it had not adjudicated "any claim asserted by either party and [that] no judgment has been entered."[3] The court explained that "under applicable Utah law," attorney fees were "not awardable, particularly here, where the parties have settled all claims between them." But the parties had not settled all claims between them; the claim for attorney fees had been excepted from the settlement agreement. Moreover, the district court did not identify what authority it was relying on for the proposition that attorney fees were "not awardable" under "applicable Utah law," and it is not clear that Utah law precludes attorney-fees awards for settled claims; this court has previously expressed doubt as to that proposition. *See Larry J. Coet Chevrolet v. Labrum*, 2008 UT App 69, ¶¶ 24–25, 180 P.3d 765 (refusing to endorse a trial court's assertion that "'[p]revailing party analysis must be grounded only in claims litigated through trial and resulting in a judgment'").

¶18  The district court continued, "Moreover, [Hotel] is not entitled to fees for pre-litigation disputes over which agreement governed as it admits it was never bound under [the First Easement] . . . ." When interpreting contractual language, we

---

3. However, the court did adjudicate the dispute as to the enforceability of the settlement agreement.

consider each contract provision "in relation to all of the others, with a view toward giving effect to all and ignoring none." *See Café Rio, Inc. v. Larkin-Gifford-Overton, LLC*, 2009 UT 27, ¶ 25, 207 P.3d 1235 (citation and internal quotation marks omitted). We note that the First Easement's terms precluded litigation by requiring the parties to settle any dispute first by negotiation, then by mediation, and finally by binding arbitration. As a result, any dispute arising from the First Easement was necessarily resolved in "pre-litigation." The First Easement nevertheless provided that "the prevailing party in such *dispute* shall be entitled to recover its costs and reasonable attorney's fees." (Emphasis added). Therefore, it appears that a prevailing party could recover attorney fees incurred for "pre-litigation" activities pursuant to the First Easement. *See Café Rio*, 2009 UT 27, ¶ 25. As for Hotel's status under that easement, it is true that Hotel succeeded in establishing that it was not bound by the First Easement. However, standing alone, that was not a sufficient basis for the district court to rule that attorney fees could not be awarded pursuant to the First Easement. *See, e.g., Hooban v. Unicity Int'l, Inc.*, 2012 UT 40, ¶¶ 31–32, 285 P.3d 766 (holding that Utah's reciprocal fee statute mandated an attorney-fees award to a defendant pursuant to a contract provision even when that defendant successfully showed that it was not a party to the contract); *see also* Utah Code Ann. § 78B-5-826 (LexisNexis 2012).

¶19   We conclude that the district court erred in ruling that Hotel could not recover attorney fees pursuant to the First Easement even if Hotel were the prevailing party.

¶20   Hotel's attorney-fees motion also sought an award pursuant to the Second Easement as well as for successfully obtaining an order enforcing the settlement agreement. The district court's order did not explicitly address whether the relevant provision of the Second Easement created a legal basis for the prevailing party to receive such an award. To the extent that the district court intended to deny such an award on the

ground that the parties had settled their claims, the above analysis makes clear that the court's implicit determination was erroneous.

## II. Prevailing Party

A.   The District Court Did Not Rule that Hotel Was Not the Prevailing Party.

¶21   Developer contends that, even if a legal basis for an attorney-fees award existed, the district court denied Hotel's motion for attorney fees on the basis that Hotel was not a prevailing party. When a legal basis exists to award attorney fees to "the prevailing party," the court must determine which party, if any, prevailed. *See, e.g., Reighard v. Yates*, 2012 UT 45, ¶ 41, 285 P.3d 1168.

¶22   Here, the district court's June 17, 2013 order enforcing the settlement agreement noted that the issue of attorney fees had been reserved and explained how it might rule if a party requested an attorney-fees award:

> The parties settled the merits of the dispute and normally on that basis the court would not award fees. However, since the settlement agreement reserves fees, if the Court were called upon by either party to determine which party was the prevailing party and thus entitled to fees, the court could easily determine neither party is awarded attorney fees and costs as each party was both successful and unsuccessful in various aspects of their claims and defenses and the court would also consider the fact the parties settled this matter.

Hotel then filed a request for an award of attorney fees, which the court denied in a September 16, 2013 order.

¶23 The district court explained why it concluded that there was no legal basis for such an award. *See supra* ¶ 11. But the court also ruled that, "ultimately, it was [Hotel] who paid [Developer] for amounts incurred in 2012." Developer would have us read the two orders together as a determination that Hotel was not the prevailing party.

¶24 However, we will not speculate as to the district court's unwritten intent. Rather, we consider as controlling the written order issued by the court after Hotel made its attorney-fees motion. *Cf. M.F. v. J.F.*, 2013 UT App 247, ¶ 6, 312 P.3d 946 (explaining that, "where a court's oral ruling differs from a final written order, the latter controls"). Once the court was actually confronted with Hotel's motion seeking an attorney-fees award, the court did not conduct a prevailing-party analysis and did not explicitly cast its order as a no-prevailing-party determination. The court noted only that Hotel ended up owing money to Developer. We conclude that the district court did not rule on whether Hotel was or was not the prevailing party.

B.    We Decline to Determine Whether There Was a Prevailing Party.

¶25 On appeal, Hotel asserts that "when a trial court erroneously determines that an appellant was not a 'prevailing party', it is not necessary for an appellate court to remand to the district court to revisit the issue." Instead, Hotel asks us to conclude that Hotel was the prevailing party and to order the district court to enter an attorney-fees award in the amount specified in Hotel's motion for attorney fees.

¶26 "Which party is the prevailing party is an appropriate question for the trial court." *R.T. Nielson Co. v. Cook*, 2002 UT 11, ¶ 25, 40 P.3d 1119. Nevertheless, a prevailing-party determination pursuant to a contractual attorney-fees provision may be made by an appellate court in appropriate circumstances. *See, e.g., Olsen v. Lund*, 2010 UT App 353, ¶¶ 13–15, 246 P.3d 521 (determining that defendants, who offered to settle a $23,866.98

claim for $5,000, were the prevailing party when the plaintiffs recovered only $754.77 at trial, because "[t]his represents a success rate of slightly over 3% for [the plaintiff], whereas [the defendants] were almost 97% successful" at trial). However, while a judgment for money damages is generally determinative as to which party prevailed, the circumstances of a particular case may require more complex analysis. *See Crowley v. Black*, 2007 UT App 245, ¶ 13, 167 P.3d 1087. For example, when a case involves multiple claims or when the money-damages award does not adequately represent the actual success of the parties, a court may need to consider contractual language, the number and type of claims, the significance of the claims in the context of the whole action, and the dollar amounts of the claims. *See id.; see also R.T. Nielson*, 2002 UT 11, ¶¶ 25–26. Consideration of these factors "will permit a case-by-case evaluation by the trial court, and flexibility to handle circumstances where both, or neither, parties may be considered to have prevailed." *R.T. Nielson*, 2002 UT 11, ¶ 25.

¶27　Here, Developer and Hotel engaged in extensive pre-litigation activities including demand letters, title research, and a floor area survey before Developer filed suit. Developer sought a judgment for $6,508.78, a declaration that Hotel was in breach of the Second Easement for failing to pay its share of the maintenance costs, an injunction to stop Hotel from using the access road, and attorney fees and costs. Hotel filed an answer and counterclaim, seeking a declaration that the Second Easement rather than the First Easement controlled; a declaration that the Second Easement's use of the term "maintenance and repair" did not include taxes, storm drain fees, and insurance; a disgorgement or set-off of the $5,516.16 Hotel had erroneously paid Developer pursuant to the First Easement; an injunction preventing Developer from blocking Hotel's use of the road; and attorney fees. The parties then managed to reach a settlement agreement regarding the majority of the claims and counterclaims, leaving only the issue of attorney fees for the district court to resolve. The district court

then enforced that settlement, and Hotel filed a motion seeking $55,804.06 in attorney fees.

¶28    It appears that Hotel prevailed on many, but not all, of the issues in this extensive litigation. The initial demand letters and responses sent by the parties' counsel concerned the applicability of the First Easement, and Hotel successfully established that it was not bound by that easement. Developer then demanded payment pursuant to the Second Easement, which Hotel was bound by. Hotel objected to the amount of the payment and refused to pay. After Developer filed suit to recover the maintenance costs, Hotel responded by bringing several counterclaims. Judging from the content of the settlement agreement, Hotel succeeded in showing that Developer had included extraneous items in the maintenance cost calculation. On the other hand, the parties came to a settlement agreement pursuant to which, among other things, Hotel admitted that it was obligated to pay maintenance costs to Developer, Hotel acknowledged that it had not fully satisfied that obligation, Developer agreed to Hotel's understanding of the Second Easement's maintenance-costs provision, and the parties agreed to reserve the issue of attorney fees and costs for later determination.

¶29    Given this complex course of events, the fact that the parties settled the majority of their claims (although at least the First Easement explicitly provided for an award of attorney fees and costs for pre-litigation activities), and the parties' reservation of the attorney-fees issue, we decline to make a prevailing-party determination on appeal. Rather, the district court is better positioned to determine whether one party truly prevailed here and, if so, for which claims and pursuant to which easement that party is entitled to recover its attorney fees and costs. *See R.T. Nielson*, 2002 UT 11, ¶ 25 ("Which party is the prevailing party is an appropriate question for the trial court. This question depends, to a large measure, on the context of each

case, and, therefore, it is appropriate to leave this determination to the sound discretion of the trial court.").[4]

CONCLUSION

¶30    The district court erred in determining that there was no legal basis for an award of attorney fees. We therefore vacate its denial of Hotel's motion seeking an attorney-fees award. We remand the case to the district court without expressing an opinion as to whether a single party prevailed below and which party that might be.

_____

4. Hotel also asks us to "instruct the district court to determine [Hotel's] reasonable attorney fees incurred in this appeal" and cites *Reeve & Associates, Inc. v. Tanner*, 2015 UT App 166, 355 P.3d 232. There, this court awarded attorney fees incurred on appeal to the defendants because they (1) were contractually entitled to and should have been granted an award of attorney fees below and (2) had prevailed on appeal. *Id.* ¶ 39. Here, it has not yet been decided whether Hotel prevailed in the district court, and Hotel has therefore not established an entitlement to an award of attorney fees incurred below. If, however, Hotel is adjudged the prevailing party after remand, the district court should award Hotel its reasonable attorney fees incurred on appeal.