**2016 UT App 201**

## THE UTAH COURT OF APPEALS

JENNIFER L. MOTA,
Appellee,
*v.*
LAWRENCE MOTA II,
Appellant.

Memorandum Decision
No. 20150191-CA
Filed September 22, 2016

Fourth District Court, Provo Department
The Honorable Samuel D. McVey
No. 124401367

Shirl Don LeBaron, Attorney for Appellant

D. Grant Dickinson and Justin Caplin, Attorneys
for Appellee

JUDGE DAVID N. MORTENSEN authored this Memorandum
Decision, in which JUDGES J. FREDERIC VOROS JR. and STEPHEN L.
ROTH concurred.

MORTENSEN, Judge:

¶1     Lawrence Mota II appeals the district court's denial of his
request to dismiss a protective order that his ex-wife, Jennifer L.
Mota, obtained against him. We affirm.

¶2     In April 2011, Jennifer[1] was at home holding the parties'
youngest child when Lawrence threatened to commit suicide

---

1. In this decision, "[b]ecause the parties still share a last name,
we refer to them by their first names for clarity, with no
disrespect intended by the apparent informality." *Earhart v.
Earhart*, 2015 UT App 308, ¶ 2 n.1, 365 P.3d 719.

and picked up a handgun. Jennifer attempted to call 911. Lawrence then pointed the gun at Jennifer and the child and said, "If you dial that last number it will be the last thing you ever do." Based in part on this event, in June 2012 Jennifer filed a request for, and the district court granted, an ex parte temporary protective order.[2]

¶3    On June 27, 2012, the district court held a hearing to determine whether the temporary protective order should be made permanent. Despite being properly served, Lawrence did not appear at the hearing. The district court therefore entered a permanent protective order. No appeal followed. Instead, over the next three months, Lawrence repeatedly but unsuccessfully attempted to obtain a dismissal of the protective order. Lawrence did not appeal any of the orders denying these attempts.

¶4    In August 2014, after the permanent protective order had been in effect for more than two years, Lawrence again filed a request to dismiss the protective order, this time under section 78B-7-115 of the Utah Code. *See* Utah Code Ann. § 78B-7-115(1) (LexisNexis Supp. 2016)[3] (allowing a district court to dismiss "a protective order that has been in effect for at least two years" if "the petitioner no longer has a reasonable fear of future abuse"). At a hearing held on September 30, 2014, the district court commissioner indicated that "the Utah State legislature I think

---

2. These are the facts that supported the initial grant of the protective order from which Lawrence did not appeal. On appeal, we consider the facts in a light most favorable to the district court's ruling, including its findings. *Sheeran v. Thomas*, 2014 UT App 285, ¶ 2 n.1, 340 P.3d 797.

3. Any amendments to this statute since the events relevant to this case do not affect the outcome of this appeal. We therefore cite the most recent version of the Code for convenience.

has adopted a reasonable man standard" and determined that Jennifer "has a reasonable fear" sufficient to keep the protective order in place. The commissioner reasoned:

> [I]f and when someone pulls out a gun and points it at me I don't know that I can predict that at any time in the future I will not have a reasonable fear of that person if they pulled it out, pointed it at me and made a threat to kill me with it.

Thus, the protective order remained in place, with minor amendments agreed to by the parties. Lawrence did not object to the commissioner's recommendation, but he timely filed a notice of appeal after the district court judge signed the final version of the amended protective order in May 2015.

¶5     On appeal, we must decide whether the district court erred in denying Lawrence's request to dismiss the protective order. In deciding this issue, we consider three arguments advanced by Lawrence. First, Lawrence argues that the district court misinterpreted subsection (1)(f) of section 78B-7-115 of the Utah Code (subsection (f)), which allows taking into account "any other factors the court considers relevant" in "determining whether the petitioner no longer has a reasonable fear of future abuse." *See id.* Second, Lawrence contends that the commissioner never found that Jennifer subjectively had a reasonable fear of future abuse. And third, Lawrence challenges the factual basis upon which the protective order was initially granted.

¶6     "A district court's interpretation of a statute is a question of law, which we . . . review for correctness." *Alliant Techsystems, Inc. v. Salt Lake County Board of Equalization*, 2012 UT 4, ¶ 17, 270 P.3d 441. However, a statute's use of the word "may" indicates a court's discretionary power, the exercise of which we review for an abuse of discretion. *State v. Draper-Roberts*, 2016 UT App 151, ¶ 14 & n.5. Therefore, because the statute is permissive, we review the court's ultimate decision—whether to grant or deny

Lawrence's request to dismiss the protective order—for an abuse of discretion. *See* Utah Code Ann. § 78B-7-115(1) (indicating that "a protective order that has been in effect for at least two years *may* be dismissed" (emphasis added)).[4] We review the commissioner's factual findings, which were adopted by the district court, for clear error. *Meyer v. Aposhian*, 2016 UT App 47, ¶ 10, 369 P.3d 1284.

¶7    As a threshold matter, we consider whether Lawrence properly preserved his arguments for appeal. To preserve an issue for appeal, "[t]he appellant must present the legal basis for [a] claim to the trial court, not merely the underlying facts or a tangentially related claim." *Prime Ins. Co. v. Graves*, 2016 UT App 23, ¶ 10, 367 P.3d 1029 (alterations in original) (citation and internal quotation marks omitted). Issues that are not raised below are usually deemed waived. *Wohnoutka v. Kelley*, 2014 UT App 154, ¶ 3, 330 P.3d 762.

¶8    Jennifer contends that Lawrence failed to preserve the issues raised because he failed to object to the commissioner's recommendation that the protective order remain in place. *See* Utah R. Civ. P. 108 (setting forth the process for objecting to a commissioner's recommendation). Lawrence counters that he was not required to object because rule 108 provides only an optional mechanism through which to challenge a commissioner's recommendation. We agree with Lawrence.

---

4. The parties disagree as to what standard of review applies to this issue. Our own case law provides only that "[w]hen reviewing challenges to a district court's decision regarding a protective order, 'the appellate court is entrusted with ensuring legal accuracy and uniformity and should defer to the trial court on factual matters.'" *Snyder v. Snyder*, 2010 UT App 130U, para. 2 (per curiam) (quoting *Bailey v. Bayles*, 2002 UT 58, ¶ 19, 52 P.3d 1158).

¶9     Rule 108 establishes that "[a] recommendation of a court commissioner is the order of the court until modified by the court." *Id.* R. 108(a). "A party *may* file a written objection to the recommendation within 14 days after the recommendation is made in open court." *Id.* (emphasis added). But, if no objection is filed, no modification can occur, and the original recommendation remains "the order of the court." *Id.* Thus, Lawrence is correct that the procedure outlined in rule 108 is optional. And there is nothing in the plain language of the rule that makes the filing of an objection a prerequisite to the filing of an appeal or a necessary step to preserve any particular challenge to the entry of the order. *See Burns v. Boyden*, 2006 UT 14, ¶ 19, 133 P.3d 370 ("We interpret court rules, like statutes and administrative rules, according to their plain language."). Instead, the question of whether a specific issue has been preserved for appeal turns on whether a party timely and clearly presented an issue below—either to the commissioner or the district court judge, depending on whether an objection has been filed.[5] *See Normandeau*, 2009 UT 44, ¶ 23, 215 P.3d 152; *cf. Wolferts v. Wolferts*, 2013 UT App 235, ¶ 14, 315 P.3d 448 (explaining that where a party "did not object or otherwise inform the district court of any dissatisfaction with" contempt proceedings conducted by a commissioner, we could not "conclude that [the party] was denied an opportunity to fully address the contempt allegations against her").

---

5. A similar rule applies to the presentation of new evidence in an objection hearing before the district court: "any evidence, whether by proffer, testimony or exhibit, not presented to the commissioner shall not be presented to the judge." Utah R. Civ. P. 108(c). However, "[i]f there has been a substantial change of circumstances since the commissioner's recommendation, the judge may, in the interests of judicial economy, consider new evidence." *Id.*

¶10 But the decision not to object to a commissioner's recommendation, while not precluding an appeal, has consequences. Lawrence's failure to object limits his ability to now challenge the factual basis of the commissioner's determinations. Where, as here, the hearing before the commissioner was conducted based on the pleadings, the proffered evidence, and the arguments of counsel, the only opportunity to more completely develop the factual record was through an evidentiary hearing on an objection to the district court, which Lawrence never sought. *See* Utah R. Civ. P. 108(d)(2) ("If the hearing before the commissioner was held under . . . Utah Code Title 78B, Chapter 7, Protective Orders, . . . any party has the right, upon request, to present testimony and other evidence on genuine issues of material fact."). Thus, for example, the description of Lawrence's conduct in the protective order, on which Jennifer based her contention that she still had a reasonable fear of future abuse, remained essentially unrebutted because he did not seek an evidentiary hearing before the district court. And because Lawrence sought no such hearing, the commissioner could only consider the facts already established in the record. Accordingly, we will not consider Lawrence's arguments that some of the bases for the original grant of the protective order are factually untrue or inadequate to support keeping the protective order in place.[6]

---

6. Beyond these arguments being unpreserved, they also appear to be of little importance. The commissioner based his recommendation on the one incident recounted above, when Lawrence pointed a gun at Jennifer. And even if the other incidents factored into the commissioner's determination, Lawrence fails to show any sort of legal error in hearing evidence regarding those incidents; instead, he argues how the evidence might be viewed differently, in a way that would support dismissing the protective order. But we have repeatedly explained that "[w]hen a foundation for the court's decision

(continued…)

¶11  We therefore focus our attention on the claims that were preserved for our review. To begin, we consider whether the commissioner misinterpreted subsection (f), the catch-all provision of the relevant statute, which allows a court to take into account "any other factors the court considers relevant to the case before it" in deciding "whether the petitioner no longer has a reasonable fear of future abuse." Utah Code Ann. § 78B-7-115(1) (LexisNexis Supp. 2016). Lawrence argues the commissioner "overreached the bounds of" this provision when he "considered the severity of the incident as a relevant factor."

¶12  Subsection (f) is the last in a list of factors that a court must consider when "determining whether the petitioner no longer has a reasonable fear of future abuse" for purposes of deciding whether to dismiss "a protective order that has been in effect for at least two years." *Id.* These factors are

> (a) whether the respondent has complied with treatment recommendations related to domestic violence, entered at the time the protective order was entered;
>
> (b) whether the protective order was violated during the time it was in force;
>
> (c) claims of harassment, abuse, or violence by either party during the time the protective order was in force;
>
> (d) counseling or therapy undertaken by either party;

---

(…continued)

exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435.

(e) impact on the well-being of any minor children of the parties, if relevant; and

(f) any other factors the court considers relevant to the case before it.

*Id.*

¶13 Lawrence contends that subsection (f) "allows a court to consider other important factors" but should only be used "to allow a court to reach exceptional circumstances." At oral argument Lawrence refined his position, claiming categorically that conduct that occurred before the protective order was entered, including the most serious precipitating events, could not be considered at all. Instead, Lawrence argues, the focus should be only on conduct that occurred after the protective order was issued.

¶14 We disagree. Our inquiry begins with the language of the statute, *Marion Energy, Inc. v. KFJ Ranch P'ship*, 2011 UT 50, ¶ 33, 267 P.3d 863, and we see nothing in the statutory text that would limit the court's inquiry to only those facts that have arisen after entry of the protective order. On the contrary, subsection (f) invites the court to consider "any other factors the court considers relevant to the case before it." Utah Code Ann. § 78B-7-115(1)(f). Thus, the commissioner here was free to consider the egregiousness of Lawrence's underlying conduct—pointing a gun at Jennifer and their youngest child and threatening to kill her—so long as he considered the egregiousness to be relevant to whether Jennifer still had a reasonable fear of future abuse. Moreover, when the facts that the commissioner considered make the existence of a reasonable fear of future abuse more or less likely, such facts are relevant to the commissioner's determination. A person's actions at a time when he was not subject to a court order bear on whether he is likely to engage in future abuse if he is again not subject to a court order.

¶15    The commissioner's recommendation acknowledges this principle. At the hearing before the commissioner, Lawrence meticulously addressed the factors outlined in subsections (a) through (e). And, despite a brief suggestion that perhaps Lawrence should have been ordered to complete therapy—and noting that she herself had received therapy—Jennifer did not seriously disagree with Lawrence's position on those five factors. Instead, Jennifer focused on subsection (f). Her attorney argued that under that subsection, "one of the factors that should be . . . relevant . . . is the severity of the past abuse." The commissioner agreed, and that factor weighed heavily in his recommendation not to disturb the protective order.

¶16    Specifically, it is apparent on the record that the commissioner focused on the prominent factor that Jennifer urged: the egregiousness of the underlying conduct. He discussed the egregiousness of the conduct, indicating that time—or at least the mere two years that had passed in this case—would not necessarily erase the fear associated with having a gun pointed at a person. The commissioner also concluded that such residual fear would be reasonable, given the accompanying "threat to kill [the person] with [the gun]."

¶17    The commissioner's explanation of his decision to leave the protective order in place, based on the incident with the gun, makes clear that he deemed the egregiousness of that incident to be "relevant to the case before it." *See* Utah Code Ann. § 78B-7-115(1)(f) (LexisNexis Supp. 2016). We see no error in this analysis and hold it to be legally and factually supported. Thus, we cannot say that the commissioner erred in interpreting subsection (f) to include prior abuse as relevant to the continuation of the order.

¶18    Concluding that the commissioner did not err in his interpretation of subsection (f), we are left to decide whether the court abused its discretion in leaving the protective order in place. It did not.

¶19 For Lawrence to demonstrate that the district court exceeded its discretion, he must show that it "exceeded the limits of reasonability when it denied the motion" to dismiss the protective order. *See Gudmundson v. Del Ozone*, 2010 UT 33, ¶¶ 23–24, 232 P.3d 1059 (deciding whether a district court abused its discretion in denying a motion under rule 56(f) of the Utah Rules of Civil Procedure). This he cannot do.

¶20 The protective order here had been in effect more than two years before Lawrence filed his request to dismiss, putting his request within the confines of section 78B-7-115(1). Lawrence argues that "provisions (a)–(e) give guidance to subjects of protective orders as to what behavior is expected of them in order to have the protective order eventually dismissed." In both his arguments before the commissioner and his arguments on appeal, Lawrence espouses the view that if a respondent complies with subsections (a) through (e), the protective order should be dismissed.[7] We cannot agree with this interpretation of the statute. Of course, there might be times when satisfaction of subsections (a) through (e)—or even some of those subsections—would be sufficient to allow the district court to conclude that the petitioner no longer had a reasonable fear of future abuse and to dismiss a protective order. But that does not mean the statute must operate in the way Lawrence urges.

¶21 The factors outlined in subsections (a) through (e) are all mandatory considerations. *See* Utah Code Ann. § 78B-7-115(1). But consideration of these factors hardly mandates a certain result. Instead, the statute provides that a protective order *may* be dismissed if the petitioner no longer has a reasonable fear of

---

7. At the hearing, Lawrence explicitly stated, "I don't know other than (a) through (e) has been complied with. Therefore deductive reasoning from, you know, philosophy 101[:] . . . (a) through (e), therefore (f)."

future abuse, and it outlines how a court must come to its conclusion of whether the petitioner still has a reasonable fear. The statute does not require the court to dismiss the protective order under any particular circumstance. Rather, if the court's decision is guided by the statutory factors, it has discretion to decide if and when to dismiss a protective order. Under the circumstances present here, we cannot say that the district court exceeded this discretion.[8]

¶22　Insofar as Lawrence preserved his arguments for appeal, those arguments are unavailing. The commissioner did not err when he considered the egregiousness of Lawrence's original conduct in concluding that Jennifer still had a reasonable fear of future abuse or when he recommended keeping the protective order in place. And the district court did not abuse its discretion in adopting that recommendation and denying Lawrence's request to dismiss the protective order.

¶23　Affirmed.

————————

8. We also note that Lawrence has not challenged the court's conclusion that continued fear of a man who pointed a gun at a petitioner and her child, threatening to kill her if she called 911, is reasonable.