**2016 UT App 233**

---

## THE UTAH COURT OF APPEALS

ARIA REBEKAH CARD,
Appellee,
*v.*
DEVIN JOHN CARD,
Appellant.

Per Curiam Decision
No. 20151001-CA
Filed December 1, 2016

Third District Court, Salt Lake Department
The Honorable Paul G. Maughan
No. 124901827

Mark W. Wiser and Scott B. Wiser, Attorneys
for Appellant

James H. Woodall, Attorney for Appellee

Before JUDGES J. FREDERIC VOROS JR., STEPHEN L. ROTH, and JILL
M. POHLMAN.

PER CURIAM:

¶1    Devin John Card appeals the district court's denial of his request to dismiss a protective order that his ex-wife, Aria Rebekah Card, who is now known as Aria Rebekah Marshall ("Marshall"), obtained against him. We affirm.

¶2    In April 2012, Marshall obtained a permanent protective order based upon allegations of physical violence and sexual assault by Card. In April 2015—after the permanent protective order had been in effect for more than two years—Card moved to dismiss the protective order under Utah Code section 78B-7-115. *See* Utah Code Ann. § 78B-7-115(1) (LexisNexis Supp. 2016) ("[A] protective order that has been in effect for at least two years may be dismissed if the court determines that the

petitioner no longer has a reasonable fear of future abuse."). Following an evidentiary hearing on September 1, 2015, the district court denied the motion to dismiss. The court also imposed a sanction under Utah Code section 78B-7-115(3), by awarding Marshall her attorney fees incurred in connection with the motion to dismiss the protective order. *Id.* § 78B-7-115(3) (stating that the court shall enter sanctions if it determines that either party acted in bad faith or with intent to harass or intimidate either party). Card appeals both orders.

¶3    This court recently clarified the standard of review applicable to a district court's decision on a motion to dismiss a protective order under section 78B-7-115. *See Mota v. Mota*, 2016 UT App 201, ¶ 6, ___ P.3d ___. Although "[a] district court's interpretation of a statute is a question of law" reviewed for correctness, "a statute's use of the word 'may' indicates a court's discretionary power, the exercise of which we review for an abuse of discretion." *Id.* (citations and internal quotation marks omitted). "Therefore, because the statute is permissive, we review the court's ultimate decision—whether to grant or deny [Card's] request to dismiss the protective order—for an abuse of discretion." *Id.* We review the district court's factual findings for clear error. *Id.*

¶4    Utah Code section 78B-7-115(1) allows a court to dismiss a protective order that has been in effect for at least two years "if the court determines that the petitioner no longer has a reasonable fear of future abuse." Utah Code Ann. § 78B-7-115(1).

> In determining whether the petitioner no longer has a reasonable fear of future abuse, the court shall consider the following factors:
>
> (a) whether the respondent has complied with treatment recommendations related to domestic violence, entered at the time the protective order was entered;

(b) whether the protective order was violated during the time it was in force;

(c) claims of harassment, abuse, or violence by either party during the time the protective order was in force;

(d) counseling or therapy undertaken by either party;

(e) impact on the well-being of any minor children of the parties, if relevant; and

(f) any other factors the court considers relevant to the case before it.

*Id.*

¶5     Card argues that in determining whether Marshall "no longer has a reasonable fear of future abuse," the district court failed to apply the definition of abuse found in Utah Code section 78B-7-102(1), which defines "abuse" as "intentionally or knowingly causing or attempting to cause a cohabitant physical harm or intentionally or knowingly placing a cohabitant in reasonable fear of imminent physical harm." Utah Code Ann. § 78B-7-102(1) (LexisNexis Supp. 2016). Card contends that rather than applying the six statutory factors to determine whether Marshall has a reasonable fear of future "*physica*l harm," the court accepted Marshall's contention that "a reasonable fear of future abuse" includes a reasonable fear of future "domestic violence," a much broader term. *See id.* § 77-36-1(4) (defining "domestic violence" to include the commission of or attempt to commit harassment, mayhem, and stalking).

¶6     We disagree with Card's characterization of the record. During oral argument and in the district court's written ruling, the district court acknowledged, and did not reject, the definition

of "abuse" advocated by Card. And, after evaluating the six statutory factors in section 78B-7-115, the district court concluded that "[a] reasonable person under these circumstances would find Mr. Card's actions to be threatening, troubling, and disconcerting, and they would cause fear of future abuse **and** domestic violence." (Emphasis added). Had the district court equated "future abuse" with "domestic violence," as Card contends, the court's finding would have been redundant.

¶7 The district court further correctly stated that, in determining whether a petitioner has a reasonable fear of future abuse, section 78B-7-115 "directs the Court to consider a number of factors, including whether the protective order has been violated . . . claims of harassment, and any other factors the court considers relevant." Although claims of physical harm and violence are relevant factors to be considered, the statute does not require the district court to find that physical harm has been threatened. In fact, "[t]he statute does not require the court to dismiss the protective order under any particular circumstance. Rather, if the court's decision is guided by the statutory factors, it has discretion to decide if and when to dismiss a protective order." *See Mota*, 2016 UT App 201, ¶ 21.

¶8 Applying the factors from section 78B-7-115 that were relevant to the case before it, the district court found that Card had violated the protective order and that he continued to engage in violations and provocative actions designed to harass and intimidate Marshall. *See* Utah Code Ann. § 78B-7-115(1)(b)–(d) (LexisNexis Supp. 2016).

> He ferreted out Ms. Marshall's banking information, without Ms. Marshall's knowledge or consent, and deposited child support checks into her account. He reasoned that it was reasonable to do so because it was consuming fewer public resources by not requiring a mail handler or

someone else to do the same job. That such conduct by Mr. Card would be alarming and disconcerting to Ms. Marshall, or any other reasonable person, did not dissuade Mr. Card. The Court finds that this was a deliberate act to harass, intimidate and emotionally upset her while Mr. Card justified it as innocent and practicable.

The district court further found that Card demanded that Marshall be physically present at a parent-time exchange "at a location he selected on short notice, when there was no order requiring Ms. Marshall to personally receive the child." The district court noted Card's "pattern of self-justified behavior [that was] designed to harass and adversely affect the emotional stability of" Marshall. Card did so "in a manner to walk as close to the line, as he sees it, between compliance with, and committing a violation of, the Protective Order so that he feels he has not technically crossed it." The district court also found that Card hired a process server to serve Marshall with child support checks, after being notified that she had opened a case with the Office of Recovery Services (ORS) and appointed them as her agent for collection of child support. This course of conduct "was again undertaken with the intent to harass and intimidate" Marshall. In each instance, Card justified his actions as reasonable under the circumstances and as calculated to save time and money or serve his own interests.

¶9      Card argues that the district court did not make sufficient subsidiary findings to demonstrate how he violated the protective order. The argument lacks merit. Among other things, the protective order prohibited Card "from directly or indirectly contacting, harassing, telephoning, e-mailing or otherwise communicating with" Marshall. As demonstrated above, the district court's ruling provided sufficiently detailed subsidiary findings to demonstrate a basis for its finding that Card harassed Marshall while the protective order was in place. Furthermore,

the district court found that Card continued to take actions that the district court found were "calculated to intimidate, harass and ensure the emotional distress of" Marshall. *See id.* § 78B-7-115(1)(c) (requiring consideration of "claims of harassment"). The court also found that although Card had completed domestic violence counseling and paid a fine in connection with a criminal case, he had not internalized the principles of the course. *See id.* § 78B-7-115(1)(d).

¶10 Based on these findings, the district court's ultimately found,

> A reasonable person in these circumstances would find Mr. Card's actions to be threatening, troubling, and disconcerting, and they would cause fear of future abuse and domestic violence. The Court finds that Ms. Marshall has been harassed, intimidated and has a reasonable fear of continued abuse, and that the Protective Order should remain in effect.[1]

¶11 It is abundantly clear from the district court's ruling that the court considered the relevant statutory factors in reaching its determination that the protective order should remain in place because Card had not demonstrated that Marshall no longer had a reasonable fear of future abuse. Significantly, the district court further found that Card had not demonstrated a change in his

---

1. By way of further clarification, the district court specifically stated that Card was prohibited from further direct contact with Marshall, from depositing money into her bank account, from taking any action to determine where she lives, or from being within 1,000 feet of her residence. He was directed to use the professional agency designated in the divorce proceeding for parent-time exchange.

behavior from the time that the protective order was issued and that he continued to justify the behavior that the court found to be threatening, intimidating, and harassing. Under these circumstances, the district court did not abuse its discretion in denying the motion to dismiss the protective order.

¶12    Card claims the district court erred in adopting prior findings made by the court commissioner. Because the district court's findings based on the testimony from the September 1, 2015 hearing were sufficient to support its determination that Marshall had a reasonable fear of future abuse, even without considering the court commissioner's findings, Card has not demonstrated any basis for reversal based upon the inclusion of those findings in the court's ruling.

¶13    Finally, Card claims that the district court erred in imposing a sanction under section 78B-7-115(3). That section provides that the court "shall enter sanctions against either party if the court determined that either party acted: (a) in bad faith; or (b) with intent to harass or intimidate either party." Utah Code Ann. § 78B-7-115(3). The district court found that Card's actions were intended to harass or intimidate Marshall. Card has not demonstrated that this finding was clearly erroneous. Having made the requisite findings, the district court did not err in imposing a sanction.

¶14    Affirmed.

—————