**2023 UT App 107**

# THE UTAH COURT OF APPEALS

NORTH FORK MEADOWS OWNERS ASSOCIATION, INC.,
*Appellee,*
*v.*
MICHAEL B. DOVE AND CASSIE J. DOVE,
*Appellants.*

Opinion
No. 20220356-CA
Filed September 21, 2023

Second District Court, Ogden Department
The Honorable Joseph M. Bean
No. 190905927

Lincoln W. Hobbs, Attorney for Appellants

Justin R. Baer, Attorney for Appellee

JUDGE RYAN D. TENNEY authored this Opinion, in which JUDGES
MICHELE M. CHRISTIANSEN FORSTER and DAVID N. MORTENSEN
concurred.

TENNEY, Judge:

¶1      After Michael and Cassie Dove began constructing a home that did not conform to the rules of the North Fork Meadows Owners Association (the Association), the Association filed a complaint and motion for a temporary restraining order (TRO) seeking to halt the Doves' construction. But the Association soon looked the other way when construction began on two other non-conforming homes in the same subdivision. The district court initially granted the Association's request for a TRO against the Doves. But it later dissolved the TRO and declined to issue a preliminary injunction, reasoning that the Association had "effectively abandoned" its claims by allowing the other construction and that the Association "would not likely prevail on the merits of the case."

¶2      The Doves subsequently filed a motion asserting that they were entitled to (1) damages and attorney fees under a rule that applies when a party has been "wrongfully restrained or enjoined," as well as (2) attorney fees under a "prevailing party" clause in the Association's governing documents. The district court denied the motion, and the Doves now challenge that ruling on appeal. For the reasons set forth below, we affirm the district court's denial of damages and attorney fees under the wrongful injunction rule, but we remand for further proceedings on the question of whether the Doves were entitled to attorney fees under the Association's prevailing party clause.

BACKGROUND

¶3      The North Fork Meadows subdivision (North Fork) is located in Weber County and includes 12 lots intended for residential development. Michael and Cassie Dove acquired one of these lots in October 2018. The following February, the Doves sought information about the status of the applicable covenants, conditions, and restrictions (CC&Rs), as well as "who approval needs to go through" for home construction. At the time, lots in North Fork were subject to the Second Amended and Restated Declaration of Covenants, Conditions, and Restrictions for North Fork (the Second Amended Declaration). The Second Amended Declaration provided that in a legal action, "the prevailing Owner(s) (or Association, as the case may be) . . . shall be entitled to recover from the other Owner(s) all costs and expenses incurred in connection therewith, including reasonable attorneys' fees and costs."

¶4      After the Doves did not receive a response to their initial inquiry about North Fork's CC&Rs, they made additional efforts. In March 2019, the Doves received the name and contact information for a person who owned the majority of the North Fork lots and who also sat on the Association's board of directors and architectural control committee. The Doves sent their

proposed building plans to the majority owner in April 2019, after which he confirmed receipt of the plans and indicated that he would pass them along to the Association's design committee. When the Doves again requested that the majority owner send them North Fork's CC&Rs, they received no response.

¶5 In May 2019, the Doves met with a member (Board Member) of the Association's board of directors. Although the Doves' building plans were not officially approved or disapproved at this meeting, Board Member told the Doves that he would take a "soft" approach to helping them conform with the Second Amended Declaration. The following month, Board Member sent the Doves a message asking them to "keep the conversation going."

¶6 Despite the lack of official approval, the Doves began constructing their home in early July 2019. After construction began, however, Board Member sent messages to the Doves and their builder stating that "this home has not been approved by the [Association] due to design concerns." Board Member claimed that the Doves' home did not conform to the Second Amended Declaration "because of the position of the three-car garage facing the street, the height of the garage, the color and materials used for the exterior and the percentage of the stone versus other materials." The Doves nevertheless continued constructing their home.

¶7 On October 1, 2019, the Association filed a complaint against the Doves, accompanied by a request for a TRO, "followed by a preliminary injunction," that would prevent further construction on the Doves' home. But after the Association filed its complaint against the Doves, construction commenced on two more North Fork lots, both of which were owned by a member of the Association's board of directors, and both of which also contained "numerous deviations from the requirements of the Second Amended Declaration."

¶8 In January 2020, the district court granted the Association's request for a TRO against the Doves. The court then scheduled an evidentiary hearing to determine "whether the temporary restraining order should be terminated" or instead "converted to a preliminary injunction," and that hearing was held the following month.[1]

¶9 In March 2020, the district court issued a decision that dissolved the TRO and denied the request for a preliminary injunction. In its assessment of whether to grant the preliminary injunction, the court looked to the grounds set forth in rule 65A(e) of the Utah Rules of Civil Procedure. Under the version of the rule then in effect, one of the grounds was that the "threatened injury to the applicant outweighs whatever damage the proposed order or injunction may cause the party restrained or enjoined." Utah R. Civ. P. 65A(e)(2) (2020). On this, the court concluded that "both parties [were] equally harmed" because if "the court determines the harm to [the Association] to be greater, then [the Doves] would be required to deconstruct their home at significant cost," and if "the court finds for [the Doves], [the Association] will have a non-conforming interloper in the subdivision affecting aesthetic presentation and future marketing." One of the other grounds was that there was "a substantial likelihood that the applicant will prevail on the merits of the underlying claim, or the case presents serious issues on the merits which should be the subject of further litigation." *Id.* R. 65A(e)(4). With respect to this ground, the court concluded that by allowing non-conforming construction to proceed on the other lots, the Association had "effectively abandoned certain material sections" of the Second Amended

---

1. Under rule 65A(b)(3) of the Utah Rules of Civil Procedure, if a TRO "is granted, the motion for a preliminary injunction shall be scheduled for hearing at the earliest possible time and takes precedence over all other civil matters except older matters of the same character." Rule 65A(b)(4) then contemplates the possible "dissolution or modification" of the prior TRO at that hearing.

Declaration. The court thus concluded that the Association "would likely not prevail on the merits of the case," and it accordingly decided to dissolve the TRO and deny the request for a preliminary injunction. At the close of its decision, the court ordered the Doves to "draft an order consistent with this memorandum decision and submit the order" to the Association.

¶10   The proposed order that the Doves subsequently submitted set forth the reasons why the TRO was being dissolved. The conclusion of this proposed order also stated that the Doves were "entitled to an award of attorneys' fees and damages arising from the entry of the [TRO]" and that "such damages shall be ascertained at a hearing to be held hereafter, or at the trial in this matter." The Association filed an objection to this proposed order, taking issue with the insertion of language awarding attorney fees and damages to the Doves. As part of this objection, the Association noted that construction on the other non-conforming homes had not begun until after the Association had filed its complaint against the Doves. The Association argued that even if the subsequent construction could constitute abandonment, the TRO was not wrongful as to the Doves and should not result in an award of damages or attorney fees.

¶11   In a subsequent ruling, the district court held that "[a]ny request for attorney fees by either party shall be reserved until the matter is resolved on the merits." And the court also "acknowledge[d]" the Association's "position that at the time the lawsuit commenced," construction on the other non-conforming homes had not yet begun and "that the lawsuit itself may not have been without merit."

¶12   After some additional litigation that's unrelated to the issues on appeal, the court issued a notice of intent to dismiss the case for lack of prosecution. The Doves objected to the court's notice of intent, asking the court to instead dismiss the case pursuant to a motion to dismiss that they were filing

contemporaneously with their objection. The apparent reason for this request was that the Doves' motion to dismiss contained a request for "an award of attorney fees to [the Doves]" and a request for an award of "damages arising from the wrongful issuance of a [TRO]." In the Doves' view, they were entitled to (1) both attorney fees and damages under rule 65A(c)(2) of the Utah Rules of Civil Procedure, which applies when a party "is found to have been wrongfully restrained or enjoined," and (2) attorney fees under the provision in the Second Amended Declaration that awarded "costs and reasonable attorney fees" to the "prevailing party in an action for the enforcement of any provisions of this Declaration." The Association later filed a response in which it did not oppose the request for a dismissal of the case, but in which it did oppose the request for attorney fees and damages. The Association maintained that "[a]lthough the Court did not grant a preliminary injunction, the [TRO] was not wrongfully issued."

¶13    The district court subsequently held a hearing on the Doves' request for attorney fees and damages, after which it issued a ruling denying the request and dismissing the case with prejudice. With respect to the request for attorney fees and damages, the court noted that "[h]ad the court not found abandonment, the Court likely would have enforced the terms of the temporary restraining order as an injunction against [the Doves]." The court concluded that "each party was to some extent at fault, so the Court will exercise its discretion in not awarding fees or damages to either party."

¶14    The Doves now appeal the decision denying their request for attorney fees and damages.

ISSUES AND STANDARDS OF REVIEW

¶15    The Doves argue that the district court erred in two ways. First, they allege that the court erred in refusing to award them

damages and attorney fees pursuant rule 65A of the Utah Rules of Civil Procedure. Whether attorney fees are recoverable under rule 65A "is a question of law, which is reviewed for correctness." *IKON Office Sols., Inc. v. Crook*, 2000 UT App 217, ¶ 9, 6 P.3d 1143 (quotation simplified). Rule 65A's "use of the word 'may,'" however, "indicates a court's discretionary power, the exercise of which we review for an abuse of discretion." *Mota v. Mota*, 2016 UT App 201, ¶ 6, 382 P.3d 1080.

¶16 Second, the Doves argue that the district court erred in refusing to award them attorney fees under the Second Amended Declaration. "Generally speaking, whether attorney fees are recoverable by the prevailing party presents a question of law, and we review the district court's ruling for correctness. However, we review a district court's factual determination of whether a party prevailed in a civil action for an abuse of discretion." *Airport Park Salt Lake City LP v. 42 Hotel SLC LLC*, 2016 UT App 137, ¶ 13, 378 P.3d 117 (quotation simplified).

## ANALYSIS

## I. Rule 65A

¶17 Under rule 65A(c)(1) of the Utah Rules of Civil Procedure, an applicant must provide security for an injunction "unless it appears that none of the parties will incur or suffer costs, attorney fees or damage as the result of any wrongful order or injunction" or there is another "substantial reason." Rule 65A(c)(2) then provides that the "amount of security shall not establish or limit the amount of costs, including reasonable attorney fees incurred in connection with the restraining order or preliminary injunction, or damages that may be awarded to a party who is found to have been wrongfully restrained or enjoined." If a court finds that an injunction was wrongfully issued, "the enjoined party" can file an "action for costs and damages incurred as a result of the wrongfully issued injunction," *Fuja v. Adams*, 2021 UT App 55,

¶ 11, 492 P.3d 793 (quotation simplified), and the available recovery can include "attorney fees incurred in connection with" the wrongfully issued "temporary restraining order or injunction," *Green River Canal Co. v. Thayn*, 2003 UT 50, ¶ 39, 84 P.3d 1134. As noted, the Doves requested attorney fees and damages under this rule, but the district court denied the request.

¶18    In their briefing, the parties disagree about whether the Doves were "wrongfully restrained or enjoined." The Doves focus on the fact that the TRO was eventually dissolved, suggesting that the dissolution alone is reason to conclude that it was "wrongful." But the Association argues that something more is required. And in this case, because the TRO was dissolved only because of the court's abandonment conclusion, and because that abandonment conclusion was based on things that occurred (or, perhaps more accurately, that didn't occur) after the complaint had been filed, the Association claims that the TRO wasn't actually "wrongful."

¶19    We need not determine which party is correct about whether the Doves were wrongfully enjoined. Even if the TRO was wrongful, rule 65A still makes an award of attorney fees discretionary with the district court. Again, the rule provides that the "amount of security shall not establish or limit the amount of costs, including reasonable attorney fees incurred in connection with the restraining order or preliminary injunction, or damages that *may* be awarded to a party who is found to have been wrongfully restrained or enjoined." Utah R. Civ. P. 65A(c)(2) (emphasis added). The word "may" is commonly understood as being one that grants "discretionary power" to a court. *Card v. Card*, 2016 UT App 233, ¶ 3, 391 P.3d 264 (quotation simplified); *see also Mota v. Mota*, 2016 UT App 201, ¶ 6, 382 P.3d 1080 (noting that a statute's use of the word "may" makes the statute "permissive"). And in reviewing other discretionary decisions, Utah appellate courts commonly hold that a district court abuses its discretion "only if no reasonable person would take the view adopted by the trial court." *State v. Maestas*, 2012 UT 46, ¶ 36, 299

P.3d 892 (quotation simplified); *accord State v. Sundara*, 2021 UT App 85, ¶ 49, 498 P.3d 443.

¶20    The Doves have never disputed the Association's contention that their home construction was not in conformity with the Second Amended Declaration, and the undisputed chronology of the case shows that this was so at the time that the Association filed its complaint against them and sought a TRO. Although it's true that the district court later concluded that the Association had abandoned its right to enforce the CC&Rs, this abandonment determination was based on the Association's inaction with respect to construction on non-conforming homes that began after the complaint had been filed. The Association has not appealed the court's abandonment determination, and we express no view here on the merits of that determination. But the question before us is whether the Doves were entitled to damages or attorney fees under a discretionary rule that turns on the issuance of a "wrongful" injunction. On that, we believe that a reasonable person could conclude that the injunction was not wrongful and that the Doves should not receive fees where their construction was indeed nonconforming at the time the TRO was issued and where the TRO's subsequent dissolution was the result of inaction by the Association that occurred later. We see no abuse of discretion.

## II. Second Amended Declaration

¶21    The Doves also argue that the district court erred in declining their request for attorney fees under the Second Amended Declaration. That declaration provided that if there was a legal dispute, "the prevailing Owner(s) (or Association, as the case may be) . . . shall be entitled to recover from the other Owner(s) all costs and expenses incurred in connection therewith, including reasonable attorneys' fees and costs." In light of this, the Doves' claim here turned on whether they (or, instead, the Association) were the "prevailing party."

¶22 When a clause such as this one is invoked, the district court is required to "determine which party, if any, prevailed." *Airport Park Salt Lake City LP v. 42 Hotel SLC LLC*, 2016 UT App 137, ¶ 21, 378 P.3d 117. But "genuine success—in the sense that the litigation ultimately proved worthwhile—is not the standard for determining the prevailing party for purposes of a fee award." *Olsen v. Lund*, 2010 UT App 353, ¶ 12, 246 P.3d 521 (quotation simplified). Rather, courts follow a "flexible and reasoned approach," *id.* ¶ 7, that "permit[s] a case-by-case evaluation by the trial court, and flexibility to handle circumstances where both, or neither, parties may be considered to have prevailed," *R.T. Nielson Co. v. Cook*, 2002 UT 11, ¶ 25, 40 P.3d 1119. In doing so, a court should "consider common sense factors in addition to the net judgment." *Express Recovery Services Inc. v. Olson*, 2017 UT App 71, ¶ 10, 397 P.3d 792 (quotation simplified). Such factors

> would include, but are not limited to, (1) contractual language, (2) the number of claims, counterclaims, cross-claims, etc., brought by the parties, (3) the importance of the claims relative to each other and their significance in the context of the lawsuit considered as a whole, and (4) the dollar amounts attached to and awarded in connection with the various claims.

*R.T. Nielson Co.*, 2002 UT 11, ¶ 25. Depending on how a court evaluates these or other factors, it is "possible that, in litigation where both parties obtain mixed results, neither party should be deemed to have prevailed for purposes of awarding attorney fees." *Wihongi v. Catania SFH LLC*, 2020 UT App 109, ¶ 10, 472 P.3d 308 (quotation simplified).

¶23 "Because the identity of the prevailing party depends, to a large measure, on the context of each case," our supreme court has recognized that "the district court is in a better position than [an appellate court] to decide this question." *Utah Transit Auth. v.*

*Greyhound Lines, Inc.*, 2015 UT 53, ¶ 58, 355 P.3d 947 (quotation simplified). For this reason, the decision of whether a party was "the prevailing party in an action is a decision left to the sound discretion of the trial court." *Maxwell Masonry Restoration & Cleaning LLC v. North Ridge Constr. Inc.*, 2022 UT App 109, ¶ 28, 518 P.3d 164 (quotation simplified), *cert. denied*, 525 P.3d 1265 (Utah 2023).

¶24    Here, the Doves assert that they "prevailed on all aspects of the case below," relying heavily on the dissolution of the TRO and the dismissal of the case. But the Association alternatively asserts that "neither party prevailed," pointing out that the Doves lost on multiple motions and that the dissolution of the TRO and dismissal of the case were both based on things that were outside the Doves' control.

¶25    In light of these conflicting positions, it's at least arguable that this case produced mixed results and that the Doves should not be awarded their fees under this clause. But again, this is a determination that should be made in the first instance by the district court. Indeed, it's one that the district court was required to make. *See Airport Park*, 2016 UT App 137, ¶ 21 ("When a legal basis exists to award attorney fees to 'the prevailing party,' the court *must* determine which party, if any, prevailed." (emphasis added)). Having reviewed the record, we see no place where the district court specifically made a prevailing party determination. True, the court did opine "that each party was to some extent at fault," and from this it said that it would "exercise its discretion in not awarding fees or damages to either party." But in this portion of the ruling, the court didn't mention the phrase "prevailing party," let alone discuss or apply any of the factors that are ordinarily associated with a prevailing party determination. It's therefore unclear to us whether the court's passing references to "fault" and "discretion" were meant as implicit proxies for a prevailing party determination, or whether the court was instead purporting to invoke some other source of

discretion to deny the request. In these circumstances, we think it best to not "speculate as to the district court's unwritten intent," *id.* ¶ 24, and we decline to evaluate the merits of a ruling that the district court did not clearly make. We thus remand with instructions for the court to either clarify the nature of its past ruling or instead conduct a prevailing party analysis in the first instance.[2]

CONCLUSION

¶26 The district court did not abuse its discretion in declining to award the Doves damages and attorney fees under rule 65A of the Utah Rules of Civil Procedure. But because it is unclear whether the district court made a prevailing party determination, we remand with instructions for the court to make that determination and decide whether the Doves are entitled to fees under the Second Amended Declaration.

––––––––––

2. We recognize that a prevailing party determination "pursuant to a contractual attorney-fees provision may be made by an appellate court in appropriate circumstances." *Airport Park Salt Lake City LP v. 42 Hotel SLC LLC*, 2016 UT App 137, ¶ 26, 378 P.3d 117. But such "appropriate circumstances" usually involve cases where the plaintiff requested money damages (a request that is "determinative" in nature), as opposed to cases like this one where the requested relief was less precise and thus "more complex" from a prevailing party standpoint. *Id.* We accordingly decline to decide the prevailing party ourselves in the first instance.